# John F. Betz, Plff. in Err., *v.* John M. Hummel.

In an action to recover for the conversion of property among which is a beer cooler, the lessee of a brewery who has bought at least two beer coolers and testifies that he used to know the prices of them may testify as to the value of the cooler converted, it being one of those purchased and used by him.

In such case an offer in evidence by defendant of a bill of sale of the property to himself given by a tenant in whose possession it was, not accompanied by an offer to prove an actual delivery thereof, is irrelevant as against the landlord who claimed title to the property under a distress warrant levied upon it when found upon the leased premises.

Defendant cannot set up the fact that the property was in possession of the sheriff under executions in favor of third parties at the time of the distraint, in order to defeat the landlord's bill.

Nor can he avail himself of a breach by the landlord of a contract between the landlord and tenant in regard to the payment of rent, in order to defeat the title under the distress warrant.

(Argued March 30, 1888.   Decided May 7, 1888.)

January Term, 1888, No. 271, E. D., before GORDON, Ch. J., PAXSON, CLARK, and WILLIAMS, JJ.   Error to the Common Pleas No. 1 of Philadelphia County to review a judgment in favor of plaintiff in an action by a landlord to recover for the

---

NOTE.—For the necessity of change of possession of personalty sold, see note to Chase v. Garrett, 1 Sad. Rep. 16.

Goods in the custody of the law are not subject to distress by the landlord.   Skiles v. Sides, 1 Pa. Super. Ct. 15, 52 Phila. Leg. Int. 495, 37 W. N. C. 295, 13 Lanc. L. Rev. 25, 28 Chicago Legal News, 141; Pierce v. Scott, 4 Watts & S. 344; Com. v. Lelar, 1 Phila. 173.   But where a feigned issue is framed between parties claiming ownership of goods taken on execution, which goods are left on the premises, they may be distrained.   Gilliam v. Tobias, 11 Phila. 313.   After a sale of the goods on execution a reasonable time is given the purchaser to remove the same, without liability for distress.   Stern v. Stanton, 184 Pa. 468, 39 Atl. 404.   The rule is otherwise where the time elapsing is unreasonable.   Booth v. Hoenig, 7 Pa. Dist. R. 529, 16 Lanc. L. Rev. 29.

removal of certain articles from the leased premises, September Term, 1884, No. 460. Affirmed.

Christian Klopfer was the tenant of a brewery in Philadelphia which he rented of John M. Hummel. Hummel distrained certain goods found on the premises for rent. The goods were sold and bought in by the landlord. One John F. Betz claimed to own the goods by reason of a bill of sale from Klopfer to himself, alleging that he had subsequently rented them to Klopfer. Klopfer having become indebted to other parties judgments were recovered and fi. fas. issued, whereupon Betz laid claim to the goods and interpleaders were awarded between the judgment creditors and Betz, and the latter entered security and took possession of the goods. It was pending application for the interpleaders that the landlord made distraint, and after Betz took possession of the goods he was notified of the landlord's claim, and upon his refusal to return them Hummel brought this action against him.

At the trial, after testifying that he bought the beer cooler, which was among the articles taken away, and at another time had bought a smaller one, that he knew the prices or used to know them, Klopfer was asked, and against defendant's objection permitted to answer, the question, "What was the value of that beer cooler at the time it was taken away? And do you know the value of a beer cooler like that one at the time it was taken away?" [1]

The defendant offered in evidence the following sealed instruments and records:

Bill of sale, dated May 28, 1883, Christian Klopfer to John F. Betz, for the articles of which conversion was charged.

Lease of said articles of same date by John F. Betz to Christian Klopfer.

Record of suit, Shaw & Co. v. Klopfer, 2 September term, 1883, No. 536, showing fl. fa. and levy upon said articles, made November 24, 1883, and sheriff's rule of interpleader May 22, 1884, claimant John F. Betz. Rule absolute May 24, 1884, claimant John F. Betz.

Record of suit, Moser v. Klopfer, 3 December term, 1882, No. 442, showing fi. fa. and levy upon said articles, November 10, 1883, interpleader and claimant as above.

All of which were rejected by the court. [2]

The defendant offered, *inter alia,* the following points:

1. If the jury believe from the testimony that the goods in controversy were in the possession of the defendant Klopfer, in the way of trade, then they were not liable to the landlord's levy and the verdict should be for the defendant.

Refused. [5]

2. If the goods at the time of the levy were in the possession of the sheriff, under an execution issued, the landlord had no right to distrain and the sale by the constable carried no title.

Refused. [3]

3. If the jury believe that the rent was to be taken out in beer, and Klopfer stood ready to furnish the beer but the landlord refused to take it, the sale by the constable carried no title to the goods to Hummel, the plaintiff, and he cannot recover in this action.

Refused. [4]

Verdict and judgment having been entered for plaintiff, defendant took this writ, assigning for error: (1, 2) Rulings on evidence; and (3–5) answers to points.

*William Gorman,* for plaintiff in error.—The plaintiff below, in levying upon the goods under a landlord's warrant, and selling them thereunder, acquired no title, for the goods were in the possession of the law; his right of distress was for the time taken from him, and he was compensated for the loss of it by the even more certain and expeditious remedy given him by act of assembly, *viz.,* his claim to the first proceeds from the sale of the property. Smith, Land. & T. 139, note *a;* Pierce v. Scott, 4 Watts & S. 344; Com. v. Lelar, 1 Phila. 173; Jackson & G. Land. & T. 107, 126, 637, 762.

A levy by the landlord under such circumstances was a trespass, and he would be liable in damages to the sheriff. Taylor v. Manderson, 1 Ashm. (Pa.) 130; Pierce v. Scott, 4 Watts & S. 344.

*Crawford & Dallas,* for defendant in error.—Betz's claim under his bill of sale as against Hummel's title under the distress sale, the subject of the second and fifth specifications of error, could not be pressed. The exception to the rule that the goods of a stranger found on the premises are liable to distress for rent, in favor of goods of another necessarily put in the tenant's possession in the way of trade, does not apply to such

a case as this.   Karns v. McKinney, 74 Pa. 390; Page v. Middleton, 118 Pa. 546, 12 Atl. 415.

If the goods are liable under the two executions the subject of the second and third specifications of error, it must be as Klopfer's property, and Betz cannot be aided by, or stand on the rights of, the execution creditors, who make no claim, and to whose rights he is a stranger.   Gilliam v. Tobias, 11 Phila. 313.

After the levies the goods remained in the defendant's possession, and no step was taken to enforce a sale until six months after the levies.   Such laches postpones the execution creditors, and subjects the property to distress.   Weir v. Hale, 3 Watts & S. 285; Earl's Appeal, 13 Pa. 483; McHugh v. Malony, 4 Phila. 59.

The competency of the witness rests in the discretion of the judge trying the case, requiring a clear, strong, and gross case of abuse of this discretion to warrant the appellate court to interfere with the court below.   Ardesco Oil Co. v. Gilson, 63 Pa. 151, and Sorg v. First German E. St. P. Congregation, 63 Pa. 156; Girard F. Ins. Co. v. Braden, 96 Pa. 83; Allen's Appeal, 99 Pa. 196, 44 Am. Rep. 101.

PER CURIAM:

None of the assignments of error in this case can be sustained.   The first, because the witness had sufficient knowledge of the value of the beer cooler to answer intelligently the question put to him; the second, because the bill of sale from Klopfer to Betz, not being accompanied with an offer to prove an actual delivery of the goods, was irrelevant, and this especially as against the landlord, who distrained the goods found upon the leased premises.   The records of the suits, Shaw & Co. v. Klopfer, and Moser v. Klopfer, were likewise irrelevant because they concerned parties other than the defendant.   The same answer applies to the third assignment, for Betz could not shield himself behind proceedings on writs to which he was not a party.

The fourth is in the same category, for if Klopfer did not choose to insist upon his alleged right, Betz could not avail himself of a transaction to which he was a stranger.   The fourth is not sustained by the facts.

The judgment is affirmed.