## Stern *v.* Martin, Appellant.

*Replevin—Value of property replevied—Bailment lease—Evidence*

In an action of replevin for an automobile leased to a defendant on a bailment lease, the lease itself is competent evidence of the value of the automobile. Such lease was the plaintiff's assertion of value and while not conclusive, it was for the consideration of the jury in the determination of the value of the article in suit.

Argued November 17, 1920. Appeal, No. 211, Oct. T., 1920, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1915, No. 3056, amending verdict for defendant in the case of Milton Stern, trading as Auto Transit Company v. Joseph Martin. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Replevin for automobile leased or bailment lease. Before PATTERSON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $300. Subsequently the court amended the verdict so as to read "verdict for defendant for nominal damages, to wit, $1." Defendant appealed.

164, (1921).] Assignment of Errors—Opinion of the Court.

*Errors assigned,* among others, were various rulings in evidence, and refusal of defendant's offer to put in evidence the lease of the automobile, and the judgment of the court.

*G. Edward Dickerson,* for appellant.—The lease between the parties was for the consideration of the jury in determining the value of the machine: Numbers v. Shelly et al., 78 Pa. 426, 428; Garrigues v. Harris, 17 Pa. 344, p. 351.

*David S. Malis,* and with him *Maxwell Pestcoe,* for appellee, cited: Beck v. Phila. Trade Assn., 59 Pa. Superior Ct. 145; Moldower v. Trust Co. of North America, 59 Pa. Superior Ct. 155; Fitzgerald v. Caldwell, Addison's Report, p. 119.

OPINION BY HENDERSON, J., March 5, 1921:

The plaintiff brought an action of replevin for a second-hand Ford automobile. The value fixed by the plaintiff was $200. At the trial, judgment was rendered for the defendant on an assertion of title in him. The jury omitted to fix the value of the property, and on a rule for that purpose, a jury was called to assess damages. During the trial, the defendant offered to testify to the value of the property, and did testify that he knew the value of the machine and that its value was $350. On motion of the plaintiff's counsel, this evidence was stricken out. The defendant then offered the lease which was the basis of the plaintiff's action to show the value placed on the property by the plaintiff when the suit was brought. Objection was made to this evidence and the objection sustained. The assignments of error relate to these rulings of the court. We regard the offer of the lease as competent. It was the plaintiff's assertion of ownership and contained some evidence as to the value of the property. It provided for a lease during the full term of fifteen weeks for the consideration of $200, to

be paid in hand, and $10 weekly thereafter for the succeeding fifteen weeks. There was further provision that if upon the payment of the installments of rent, the lessee desired to purchase the property, the first party would sell to him for the sum of $351; the amount received from the rent of the same to be applied on the purchase price. We are unable to see that this is not a declaration by the plaintiff in the action with respect to value. It was not conclusive, of course, but in the absence of qualifying evidence would aid the jury in ascertaining what the property was worth. As the writ of replevin was issued about ten days after the property came into the defendant's hands, the date of the lease bore such close relation in time to the recovery of the property by the plaintiff on the writ, that it should be regarded as relevant testimony.

It is unnecessary to discuss the assignments relating to the action of the court in striking out the evidence of the defendant relating to value. There are persuasive authorities showing that the testimony of an owner as to the value of a chattel owned by him, especially where it is of a kind with respect to which people may be assumed to have some knowledge, is admissible without evidence of special qualification to testify. The case of Betz v. Hummel, 13 Atl. Rep. 938, decided by the Supreme Court of this State, related to the value of a beer cooler, and is quite close to the appellant's case. Shea v. Hudson, 165 Mass. 43, involved the value of a horse and buggy, the worth of which the plaintiff was allowed to testify to without special knowledge of the subject. In Mercer v. Vose, 67 N. Y. 56, the plaintiff testified to the value of his services as an agent for the defendant. If the defendant's testimony had been admitted, it would not have been at all clear that there was error in receiving it. We consider the first ground of objection substantial, however, and the fourth assignment is sustained.

The judgment is reversed with a procedendo.