Sullivan *v.* Lamb.

ANN SULLIVAN *vs.* G. H. LAMB & another.

Personal property subject to a mortgage was attached, under the provisions of the Gen. Sts. *c.* 123, §§ 57, 58, after the mortgagee had filed a notice to foreclose. After the expiration of the time for foreclosure, it was sold on an execution issued in the suit in which the attachment was made, and was bought by the attaching creditor. The mortgagee, without making any demand for the payment of the mortgage debt, removed the property, claiming it as his under the foreclosure. *Held*, that the creditor could maintain an action against him for conversion.

TORT for breaking and entering the plaintiff's close, and carrying off and converting to the defendants' use the plaintiff's building standing thereon. The case was submitted to the judgment of the Superior Court, and, on appeal, of this court upon an agreed statement of facts substantially as follows:

The building belonged originally to Michael Curran, but was subject to a mortgage to Porter Underwood, which was duly recorded in the office of the town clerk of Holyoke. On April 23, 1869, Underwood gave notice to foreclose the mortgage, which notice was duly recorded. On June 7, 1869, the building was attached in due form of law under the provisions of the Gen. Sts. *c.* 123, §§ 57, 58,* on a writ in favor of the plaintiff against Cur-

---

* These sections provide that "when an attachment is made of articles of personal estate which by reason of their bulk or other cause cannot be immediately removed," a certified copy of the writ, and of the return of the attach-

ran, who had at this time no interest in the land on which the building stood, unless as tenant at will. Underwood had no actual notice of the attachment until sixty days from the time of the notice of foreclosure had expired but not long after the expiration of the sixty days he learned it.

At March term 1870 of the Superior Court for this county the plaintiff recovered judgment in her suit against Curran, and execution issued thereon April 25, 1870 ; within thirty days after the judgment, the building was levied on under the execution, and at the sale was bought by the plaintiff. Underwood never made any demand or gave any notice to the plaintiff under his mortgage, and several days before the sale on execution the plaintiff tendered to him the whole sum due on the mortgage ; but he declined to receive it, claiming that his title had become perfect by foreclosure.

On December 5, 1870, the plaintiff, who was the owner of the land on which the building stood, recovered judgment for possession of the land against Curran, who was occupying it as tenant at sufferance ; but on the morning of that day the defendants, acting under the authority of Underwood, entered upon the land, removed the building, and converted it to their own use.

On the foregoing facts, such judgment to be entered as the law required.

*M. P. Knowlton,* ( *G. M. Stearns* with him,) for the plaintiff.

*G. D. Robinson,* for the defendants.

WELLS, J. The authority to attach mortgaged personal property is given, and the mode in which the rights of the mortgagee may be enforced or protected, in such case, is regulated by statute. Under the Gen. Sts. *c.* 123, § 62,* personal property may be at-

---

ment, may, within three days, be deposited in the office of the clerk of the town in which the attachment is made, and that such attachment shall be as valid as if the articles had been retained in the custody of the officer.

* " Personal property of a debtor that is subject to a mortgage, pledge or lien, and of which the debtor has the right of redemption, may be attached and held in like manner as if it were unincumbered ; provided, the attaching creditor pays or tenders to the mortgagee, pawnee, or holder of the property, the amount for which it is so liable, within ten day after the same is demanded. '

tached after the mortgagee has taken possession, as well as before. *Howe* v. *Bartlett*, 1 Allen, 29. A valid attachment being made before the foreclosure is complete, the rights of the parties are governed thenceforth by the same and the succeeding sections of the General Statutes. As against the attaching officer or creditor, the mortgagee is bound to pursue his remedy in the mode thus directed, and cannot defeat the attachment by delay and mere lapse of the time requisite for his foreclosure against the mortgagor. To permit it to be so defeated would be inconsistent with the provisions of law authorizing and regulating the attachment of personal property that is subject to a mortgage. The principle of the cases cited, *Hobart* v. *Jouvett*, 6 Cush. 105, and *Granger* v. *Kellogg*, 3 Gray, 490, extends to attachments made after as well as before commencement of proceedings to foreclose.

The general authority to sell personal property on execution is sufficient to authorize the sale of mortgaged personal property, which has been previously attached on mesne process. It is not to be supposed that a right to attach would have been given, unless with a view to such ultimate sale. It is held that a levy on execution cannot be made in the first instance, without such previous attachment, because that might operate to deprive the mortgagee of the remedy which the statute has provided for him in authorizing the attachment. The question decided in *Granger* v. *Kellogg* was raised by a sale on execution.

The property was legally attached in the manner provided by the Gen. Sts. *c.* 123, §§ 57, 58. The attachment was not dis solved in accordance with the provisions of law relating to attachments of personal property that is subject to a mortgage.

By the sale on execution, the plaintiff acquired title and legal possession. The mortgagee had no right to defeat that title and possession by removing the building without first making a demand and statement of his claim ; and his authority is no protection to these defendants in doing so. Whether or not it is too late for him now to make that demand and statement, we have at present no occasion to decide. The defence to this action being insufficient, the judgment of the Superior Court for the plaintiff must be                                                  *Affirmed.*