EDWARD P. GOULDING & another *vs.* CHARLES N. HAIR.

Worcester. Oct. 4, 1881. — June 26, 1882. LORD, W. ALLEN & C. ALLEN, JJ., absent.

A creditor of a mortgagor of personal property caused it to be attached while in the possession of the mortgagor on a writ in which the mortgagee was summoned as trustee, under the Gen. Sts. *c.* 123, § 67. The mortgagee filed a general answer, denying that he had any goods or credits of the defendant in his possession, but not disclosing his mortgage, and was thereupon discharged by the court, without objection by the creditor and without being further examined. The attaching officer duly sold the goods on mesne process before the trustee was discharged, and, after said discharge, the officer levied an execution issued in said action upon the proceeds of the sale, and paid them over to the creditor. *Held,* that the discharge of the trustee operated as a dissolution of the attachment; and that the mortgagee might maintain an action against the attaching officer for the proceeds of the sale. *Held, also,* that it was no defence that the defendant had made a second attachment of the same property on a writ in favor of another creditor of the mortgagor in an action in which the mortgagee was summoned as trustee, which action was pending at the time the present action was brought, and in which the trustee had not been charged or discharged.

CONTRACT for money had and received by the defendant to the plaintiff's use. The case was submitted to the Superior Court, and, after judgment for the plaintiffs, to this court, on appeal, on an agreed statement of facts, in substance as follows:

On June 12, 1880, Robert P. Jordan of Worcester made a mortgage of his stock in trade and the fixtures of his shop to the plaintiffs, to secure the payment of his promissory note for $315, which mortgage was duly recorded. Subsequently, and while Jordan was in possession of said stock in trade and fixtures, and the plaintiffs held the mortgage, George Bassett, on July 31, 1880, brought an action against Jordan to recover the amount of

a debt due him from Jordan, and the defendant in this action, a constable of Worcester, made an attachment of said stock and fixtures, and summoned the plaintiffs in this action as trustees and mortgagees of said Jordan. This trustee writ was in the usual form, and was returnable on August 7, 1880. The authority of the defendant to make said attachment and to summon said mortgagees as trustees, and the validity of said mortgage, are not questioned. Said mortgage remains unpaid and is overdue.

During the pendency of the action of Bassett against Jordan, the stock and fixtures so attached were on August 19, 1880, duly sold on mesne process by said attaching officer for $410; and the net proceeds of said sale were held by said officer upon said attachment. On August 21, 1880, Bassett obtained judgment against Jordan in said action, execution issued thereon on August 30, 1880, and said officer levied upon the proceeds of sale, and, after deducting his fees, paid over to Bassett's attorney the sum of $305.48; and on September 13, 1880, returned said execution in part satisfied, a balance being still due on said judgment. The regularity of the proceedings of said sale is not questioned.

On August 7, 1880, the return day of the writ in said action, the plaintiffs in the present action, knowing that the property of said Jordan covered by said mortgage had been attached in said action and was held upon attachment therein by the defendant, appeared by counsel and filed their answer under oath, setting forth that at the time of the service of the plaintiffs' writ upon them, they had no goods, effects or credits of Jordan in their hands or possession. No other or further answer was made by said mortgagees, and no questions were put to them by the court or by the plaintiff touching the consideration of the mortgage or the amount due thereon. On August 21, 1880, on motion of the attorney for said mortgagees and trustees, which was not opposed or consented to by Bassett's attorney, these plaintiffs were discharged upon their answer, with costs. After the officer had made his levy on said execution, and had paid over the proceeds of said sale as aforesaid, said mortgagees, on September 13, 1880, first demanded of the attaching officer the amount claimed by them to be due upon their mortgage note,

by serving upon him a demand therefor in writing, stating therein that they held a mortgage from Robert P. Jordan upon said property attached by said officer to secure said note.

On July 31, 1880, Habecker and Killain brought an action against Jordan to recover a debt due them from him, by writ returnable on August 7, 1880. Upon this writ, a second attachment was made by the defendant upon said mortgaged property, and the plaintiffs in the present action were summoned as mortgagees and trustees of Jordan. They appeared by counsel in said action, and, knowing of the attachment of the mortgaged property, filed an answer similar to that in Bassett against Jordan, not disclosing their mortgage or the amount claimed to be due thereon, or any claim upon the property attached. On September 15, 1880, said mortgagees filed an amended answer, after this action was brought, disclosing their mortgage and the amount alleged to be due thereon, and thereupon said action, as between said Habecker and Killain and these plaintiffs, was, on October 26, 1880, continued to await the result of the case at bar, judgment having been entered in favor of Habecker and Killain against Jordan for the amount declared for.

If, on these facts, the plaintiffs were entitled to recover, judgment was to be entered for them in the sum of $315, and interest from the date of the writ; otherwise, judgment for the defendant.

*C. A. Merrill*, for the defendant.

*S. Utley*, for the plaintiffs.

MORTON, C. J. The statutes provide two modes in which a creditor of a mortgagor may make an attachment of mortgaged personal property. He may attach it in the usual form, as if it were unincumbered, provided that he pays to the mortgagee the amount for which it is liable, within ten days after due demand is made upon him. Or, when the property is in the possession of the mortgagor, he may attach it as if it were unincumbered, and summon the mortgagee as trustee in the same action. Gen. Sts. *c.* 123, §§ 62–71. Pub. Sts. *c.* 161, §§ 74–83.

If the last-named course is adopted by the creditor, the mortgagee is required to appear and submit himself to examination touching the consideration of his mortgage and the amount due thereon, and the creditor may, if he so elect, require the question

of the validity of the mortgage to be tried by a jury. If the mortgagee fails to appear and is defaulted, he is estopped to set up the validity of his mortgage, and cannot maintain an action against the attaching officer for a conversion of the mortgaged property by a levy of the execution thereon. *Flanagan* v. *Cutler*, 121 Mass. 96. On the other hand, if he appears, and the attaching creditor sees fit to discontinue against him, or he is discharged, the attachment is thereby dissolved. *Martin* v. *Bayley*, 1 Allen, 381. *Hayward* v. *George*, 13 Allen, 66.

In the case before us, the plaintiffs held a valid mortgage upon the stock in trade and fixtures of one Jordan. One Bassett, a creditor of the mortgagor, who was in possession of the mortgaged property, caused it to be attached by the defendant, and the mortgagees to be summoned as trustees under the Gen. Sts. *c.* 123, § 67. The mortgagees appeared and filed a general answer that they had no goods, effects or credits of the defendant Jordan in their hands or possession. They were afterwards discharged by the court. Although the answer in this form was irregular, yet, by appearing and answering, they submitted themselves to examination by the court, or by the plaintiff in that suit. It was the right of the plaintiff to ask such questions as he saw fit touching the consideration of the mortgage and the amount due thereon. If he wished to dispute the validity or amount of the mortgage, it was his duty, in the exercise of proper diligence in pursuing the remedy he had chosen, to examine the trustees. His failure to do so, and the fact that he made no objection to the discharge, was equivalent to a discontinuance as to the trustees, and the court rightly ordered that they be discharged. Such discharge put an end to the creditor's right to pursue the remedy he had adopted, and worked a dissolution of his attachment. Upon such dissolution, the mortgagees became entitled to the money, which, after the sale, the defendant held in place of the attached goods, and may maintain this action therefor, unless there is some other defence.

But the defendant contends that the action is prematurely brought because there was a second attachment upon the goods which is still existing, the suit in which it was made being still pending. The facts are, that while the defendant held the goods under the first attachment, namely, on July 31, 1880,

other creditors of Jordan made a second attachment of the mortgaged property and summoned the plaintiffs as trustees. This suit is still pending. But it appears that on August 30, 1880, the goods having in the mean time been duly sold on mesne process under the statute, and Bassett having obtained judgment against Jordan, the defendant levied Bassett's execution upon the money in his hands and paid it over to the attorney of Bassett. These acts of the defendant put an end to and vacated the second attachment, and it cannot now be set up as a defence in this suit. *Boynton* v. *Warren*, 99 Mass. 172. We are therefore of opinion that the Superior Court rightly ruled that, upon the facts agreed, the plaintiffs were entitled to maintain this action.

*Judgment for the plaintiffs affirmed.*