### SAMUEL SHAPIRO *vs.* PARK TRUST COMPANY.

Berkshire.    September 15, 1925. — October 14, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Trustee Process. Res Judicata. Mortgage,* Of personal property. *Attachment. Sale. Evidence,* Relevancy and materiality, Statement filed by trial judge. *Practice, Civil,* Finding by trial judge, Statement of finding. *Equity Pleading and Practice,* Plea. *Equity Jurisdiction,* To set aside mortgage of personal property, Res judicata.

A vendor of lumber after delivery brought an action at law against the vendee by trustee process in which he attached the lumber and also summoned as trustee one to whom the vendee after delivery had mortgaged the lumber while retaining possession. The trustee answered "No funds," and, after having been interrogated by the plaintiff, was discharged as trustee by order of court. He then, under G. L. c. 223, § 75, demanded of the plaintiff the amount of the loan made to the plaintiff's mortgagor and, that amount not being paid, the attaching officer discharged the attachment on the lumber. The vendor then, by suit in equity against the mortgagee, sought to enforce a vendor's lien and to have the mortgage adjudged void. The mortgagee pleaded in bar the judgment in his favor in the trustee process. *Held,* that

(1) The issue as to the validity of the mortgage was directly involved in the action by trustee process;

(2) The adjudication in favor of the mortgagee, alleged trustee in the trustee process, was a final judgment on the issues raised by the trustee's answer notwithstanding that the action against the principal defendant still might be pending;

(3) The plea in bar was sufficient.

A vendee of lumber under a contract which, while providing for payment to the vendor of the balance due on the lumber as and when loaded on cars, contained no reservation of title in the vendor until payment of the purchase price, had sufficient title and right to mortgage the lumber after it was delivered in his yard and piled there.

At a hearing of a suit in equity involving title of one to whom lumber was mortgaged by the vendee in the circumstances above described, the mortgagor retaining possession, evidence as to mingling by the vendee of the lumber in question with other lumber of his and a failure on his part to make payments in accordance with the contract, has no bearing.

Papers, which were filed by a judge after he had granted a motion to discharge one summoned as an alleged trustee in trustee process wherein the alleged trustee relied on a title as mortgagee of personal property, and in which the judge stated that he made no findings as to the validity

of the mortgage, are not properly a part of the records of the court and have no evidential value at the hearing of a suit in equity, later begun by the same plaintiff, to have the mortgage declared void.

BILL IN EQUITY, filed in the Superior Court on January 9, 1922, and afterwards amended, seeking to have established an alleged vendor's lien upon lumber sold by the plaintiff to the Howard Lumber Company and to have certain mortgages thereof, given to the defendant by the Howard Lumber Company, declared void and the defendant restrained from assigning or enforcing them.

The defendant filed a plea in bar, described in the opinion. The docket entries show that on January 18, 1924, the plea in bar to the amended bill was argued; that on January 24, it was "held sufficient" by *Burns,* J., by whose order an interlocutory decree to that effect was entered on Feburary 13, 1924. No exception to the judge's ruling nor appeal from the interlocutory decree seems to have been taken. On April 5, 1924, the case again was heard by *Burns,* J. A report filed by him states that the suit "came on to be heard . . . upon the defendant's plea in bar." At this hearing the judge made certain findings of fact and rulings of law which are described in the opinion, and, "Inasmuch as the . . . rulings, if correct, would entitle the defendant to a decree dismissing the plaintiff's bill of complaint," at the plaintiff's request he reserved and reported "the evidence and all questions of law therein for the consideration of the Supreme Judicial Court, and if" his "rulings are correct, decree is to be entered dismissing the bill, otherwise such decree as justice and equity may require. The case is reported in order to see that justice may be done and in accordance with the stipulation of the parties made in open court at the time of the trial and before final judgment has been entered on the docket."

*C. T. Phelps, P. A. Guthrie, & J. E. Magenis,* for the plaintiff, submitted a brief.

*J. A. Crotty,* (*E. H. Vaughan* with him,) for the defendant.

RUGG, C.J. This is a suit in equity wherein the plaintiff seeks to assert a vendor's lien on certain lumber and to have declared void mortgages given to the defendant on that

lumber by the Howard Lumber Company. The defendant filed a plea setting up *res judicata* and waiver of its lien by the plaintiff. It is recited in the report that the case came on to be heard upon the defendant's plea. There is no categorical finding that the facts alleged in the plea were true. The hearing, so far as disclosed by the report, appears to have included not only the facts set up in the plea but the question whether certain lumber was so delivered by the plaintiff as vendor to the Howard Lumber Company as his vendee as to enable the latter validly to mortgage it. It is doubtful if that issue was raised by the plea. No order for the appointment of a commissioner was made. The report of the judge contains the substance of the material evidence together with certain rulings of law. The parties have argued the case broadly, but they have also argued it on the theory that the facts alleged in the plea were found to be true. The report fairly interpreted means that all the facts set up in the plea were found to be true or follow as an inevitable consequence from those expressly found to be true and from the reported evidence. The case is considered on that footing.

The pertinent facts are that the plaintiff as seller and the Howard Lumber Company as buyer, each as assignee of the original party, had a contract in writing with each other for the sale by the plaintiff and the purchase by the Howard Lumber Company of a considerable quantity of lumber. By the terms of the contract the lumber was to be sawed under the supervision of the buyer and piled by the seller according to the instructions and under the supervision of the buyer in yards to be rented by the latter. The buyer agreed to pay " $25.00 per one thousand feet log scale for the lumber as cut and put into piles, upon receipt" of invoices and other documents and the further sum of $35 per thousand feet, board measure, as the lumber was loaded on cars upon receipt of further invoices and bills of lading. Lumber was received by the buyer and piled in its yard and invoices for lumber sawed and piled at $25 per thousand were sent to the buyer by the plaintiff. The buyer thereupon executed and delivered to the defendant several mortgages, which were duly

recorded, covering such lumber and including according to the undisputed evidence all the lumber of the mortgagor in its yard. No question is made as to the form of the mortgages. The plaintiff thereafter brought a writ in an action of contract against the Howard Lumber Company in which the present defendant was named as trustee. Service of that writ was made upon the present defendant as trustee and by attachment of all the lumber sold and delivered to the Howard Lumber Company under the contract, which in form was covered by the mortgages given by that lumber company to the present defendant. The declaration in that action was framed to recover the amount due to the plaintiff from the Howard Lumber Company for the lumber sold under the contract. The present defendant as trustee in that action answered, "No funds." The plaintiff filed interrogatories to the trustee, which were fully and completely answered by the trustee. The interrogatories among other matters sought information concerning the loans made by the present defendant to the Howard Lumber Company and the mortgage security given therefor, and concerning the mortgages given covering the lumber here in question and the indebtedness remaining due from the lumber company to the trustee. After hearing on a motion that the trustee be discharged on its answer, the judge, before whom that case was tried, found that the plaintiff waived the right further to interrogate the trustee touching the validity of the mortgages held by it. The motion was granted and the trustee was discharged. On the day when the order for the discharge of the trustee was entered, the trustee, the present defendant, made demand upon the attaching officer of the present plaintiff as plaintiff in that action for the amounts due to it from the Howard Lumber Company on its mortgages covering the lumber held by such attachment, setting forth a just and true account of the debts due it. G. L. c. 223, § 75. The attachment was then released by the attaching officer. Final judgment was entered in favor of the trustee.

The issue touching the validity of the mortgages from the Howard Lumber Company to the defendant was directly

involved in the action brought by the plaintiff against the lumber company, in which the present defendant was summoned as trustee and answered, "No funds." The facts in that action were within the terms of G. L. c. 223, § 79. The lumber covered by the mortgages was in the actual possession of the mortgagor, who was the defendant in that action, and the mortgagee, the present defendant, was summoned as trustee in the usual way. The provisions of G. L. c. 223, §§ 79 – 81, afford full opportunity for the trial of issues concerning the validity and amount due on the mortgage. All questions affecting the interests of the mortgagee in the mortgaged property are to be finally settled in that action, when the mortgagee rightly is summoned as trustee. A mortgagee thus summoned as trustee of the principal defendant in an action against the mortgagor in possession of mortgaged personal property has a right, provided he files appropriate pleadings, such as an answer of no funds, to have the validity of the mortgage determined, the amount due thereon ascertained and the attachment discharged, provided the amount, if any, thus found due is not paid. The creditor, having commenced an action by attaching the mortgaged property and summoning the mortgagee as trustee, must pursue his remedy in the mode pointed out by the statute after issue is joined by the trustee. The mortgagee, while the action against him as trustee is pending, is barred of the ordinary rights of a mortgagee. He cannot maintain replevin against the attaching officer. The custody of the attaching officer is lawful until the attachment is dissolved by some of the methods recognized by the law. The mortgagee has not the right to payment of his mortgage within ten days, G. L. c. 223, § 74, but must await the decision as to the validity of the mortgage and the amount due thereon. He cannot foreclose his mortgage until the respective rights of the parties are settled according to the procedure established by the statute. *Hobart.* v. *Jouvett,* 6 Cush. 105. *Martin* v. *Bayley,* 1 Allen, 381, 383, 384. *Boynton* v. *Warren,* 99 Mass. 172, 174. *Furber* v. *Dearborn,* 107 Mass. 122. *Sullivan* v. *Lamb,* 110 Mass. 167, 169. *Flanagan* v. *Cutler,* 121 Mass. 96. *Goulding* v. *Hair,* 133 Mass. 78, 80. *Sim-*

*mons* v. *Woods,* 144 Mass. 385. *McDonald* v. *Faulkner,*
154 Mass. 34, 37.

The contention of the plaintiff that he was merely sum-
moning the present defendant as trustee because it was a
debtor to the principal defendant under the general provi-
sions of G. L. c. 246, and not under G. L. c. 223, § 79, is
untenable. He made no such specification in his writ.
He pursued precisely the course particularized in the latter
statute. He put the defendant as mortgagee to all the
limitations upon the usual rights of a mortgagee entailed
by being summoned as trustee. It was said by Mr. Justice
Holmes, in *Emery* v. *Seavey,* 148 Mass. 566, 568: "The
scope and effect of the writ were fixed at the moment of
service. It is argued, with much plausibility from what has
happened since, that the defence to the present action
(namely, that the present plaintiff was trusteed under Pub.
Sts. c. 161, § 79) is an afterthought, and that at the time the
plaintiff in the former action meant to summon the present
plaintiff only as a debtor of the original defendant. We can-
not speculate upon that question. What the former plaintiff
did was to attach mortgaged goods in the possession of the
mortgagor, and to summon the mortgagee as trustee in a
form which satisfied the statute." The facts in that case
were much stronger to the point now urged than are those of
the present case. Here several of the interrogatories pro-
pounded by the plaintiff and answered by the trustee bore
directly upon the validity of the mortgages and the amounts
due thereon.

The pleadings in the action in which the present defendant
was summoned as trustee put directly in issue the validity
of the mortgages held by it and assailed in the allegations
of the present bill. In *Eaton* v. *Newhall,* 157 Mass. 309,
314, it was said: "the trustees answered, 'No funds,' which
was in effect submitting themselves to examination touching
the validity of their mortgages and the amounts due upon
them." The trial of that issue, as shown by the interroga-
tories and the answers, followed the pleadings. The dis-
charge of the trustee in that action was a decision of that
issue in favor of the present defendant. It was a final

judgment on the issues raised by the trustee's answer notwithstanding that the action against the principal defendant may still be pending.  *Reynolds* v. *Missouri, Kansas & Texas Railway,* 224 Mass. 253.

It is a familiar principle that a judgment on the merits in an earlier proceeding is, as to every issue raised by the pleadings, a bar to a subsequent proceeding between the same parties or their privies upon the same cause of action.  *Foye* v. *Patch,* 132 Mass. 105, 110.  *Corbett* v. *Craven,* 193 Mass. 30.  *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 46.  *Hutchins* v. *Nickerson,* 212 Mass. 118, 123.  *Canning* v. *Shippee,* 246 Mass. 338.  *United States* v. *Moser,* 266 U. S. 236.

It follows that the plea setting up the judgment in the trustee action as a bar to the present suit is sufficient.  The validity of the mortgages assailed in the present suit was settled by the adjudication in the trustee action.  *Eastman Marble Co.* v. *Vermont Marble Co.* 236 Mass. 138, 148.

It need not be determined whether the other plea of the defendant is valid, to the effect that the plaintiff waived his alleged vendor's lien by attaching in his action at law against his debtor the lumber upon which he now undertakes to assert that lien.  See *Perivoliotis* v. *Eveleth,* 251 Mass. 444.

If it be assumed that exceptions saved at the trial in the Superior Court and set forth in the report, as to the right of the Howard Lumber Company to mortgage the lumber to the defendant, are before us, no reversible error is shown.  The ruling was right to the effect that, upon the arrival of the lumber in the yard of the Howard Lumber Company and the piling of it there by the plaintiff and the delivery of the invoices from the plaintiff to the Howard Lumber Company, the latter had a right to mortgage the lumber.  Nothing further was required to be done by the vendor of the lumber, after it was piled in the yard of the vendee and invoiced to it, in order to pass title.  The contract between the vendor and vendee contained no reservation of title in the vendor until payment in full.  There was physical delivery of the lumber to the vendee when the vendor piled it in the yard of the vendee.  The invoices sent by vendor to vendee describe the

lumber as "sold to Howard Lumber Company." These facts bring the case well within the terms of the provisions of the sales act. G. L. c. 106, § 21, Rules 4 (2) and Rule 5. *Levy* v. *Radkay*, 233 Mass. 29. *Edelstone* v. *Schimmel*, 233 Mass. 45, 49. *Glass & Co.* v. *Misroch*, 239 N. Y. 475, 480. The title of the present defendant under its mortgages of that lumber given to it by the vendee is not open to successful attack. G. L. c. 106, § 26.

The circumstance that under the contract of sale for the lumber the vendor was to be paid the balance due on the lumber as and when loaded on cars does not limit the force of the cited provisions of the sales act as to the lumber when it was delivered and piled in the yard of the vendee.

The offer of proof of the plaintiff was excluded rightly because immaterial in view of the findings made. The facts set forth in the offer as to the mingling by the vendee of the lumber sold by the vendor with other lumber of the vendee, and the failure of the vendee to make payments in accordance with the contract, had no bearing upon the rights of the defendant acquired under its mortgages. The plaintiff also made an offer of proof respecting papers signed by the judge, who tried the question as to the discharge of the present defendant as trustee in the action brought by the plaintiff against the Howard Lumber Company. That offer in effect was that, long after the entry of the judgment in favor of the trustee, the judge who heard that case filed a paper (incorrectly entitled, "Supplemental Memorandum," *Commonwealth* v. *O'Neil*, 233 Mass. 535, 543,) wherein it was stated that he made no finding concerning the validity of the mortgages. No question was before him for decision at that time. He had become *functus officio* as to that litigation. Later he caused to be filed another paper again designated "Memorandum and Order" ordering the "Supplemental Memorandum" withdrawn from the record and files. Neither of these papers had evidentiary value. They were not properly a part of the records of the court. They were pure hearsay. They were not relevant to the issues on trial and were excluded rightly. There was no error in the exclusion of the other matter stated in the offer of proof.

The requested rulings were denied rightly. In view of the facts found by the trial judge, they were not pertinent to the issues.

The conclusion is that all the exceptions of the plaintiff must be overruled either as irrelevant or unsound. The defendant's plea as to *res judicata* is adjudged sufficient, and is proved by the evidence and findings.

In accordance with the terms of the report and, as there stated, "in accordance with the stipulation of the parties made in open court," the rulings made by the judge being correct, "decree is to be entered dismissing the bill."

*So ordered.*