BANCA ITALIANA DI SCONTO *vs.* COLUMBIA COUNTER COMPANY.

Suffolk. January 28, 1926. — March 15, 1926.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Attachment,* Of mortgaged personal property, By trustee process. *Trustee Process. Mortgage,* Of personal property: attachment.

After a verdict in his favor in an action of contract, the plaintiff by special precept attached personal property of the defendant, and, under G. L. c. 223, § 79, summoned as a trustee a mortgagee of personal property of the defendant in possession of the defendant and filed interrogatories to the mortgagee, which were answered. The interrogatories and answers related to the business of the mortgagee and his relations to the defendant, the circumstances surrounding the execution of the mortgage, the consideration thereof, the amount due thereon, and the conditions and obligations subject to which it was held by the mortgagee. The plaintiff then moved for issues to a jury on the question of the validity of the mortgage and the amount due thereon. Upon a report by the trial judge of questions which arose at the hearing of that motion it was *held,* that

(1) Under the statute, if the plaintiff had desired a trial by jury of the issue as to the validity of the mortgage, he should have so elected at the outset before any examination of the trustee in any form; not having done so, he had elected to submit the validity of the mortgage to the determination of the court sitting without a jury, and could not thereafter move for and have that issue framed for a trial by a jury;

(2) The plaintiff was not precluded from prosecuting before the judge without a jury a full examination relating both to the validity and the consideration of the mortgage and the amount due on it;

(3) At such hearing the plaintiff might introduce any competent evidence admissible according to the rules applicable to an adversary proceeding at law.

CONTRACT by an Italian banking corporation upon a promissory note for $23,590.55 alleged to have been made by the defendant at Boston, payable to Joseph Alinovi at the Prudential Trust Company at Boston and indorsed to the plaintiff. Writ dated February 19, 1921.

There was a trial before *McLaughlin,* J., and a verdict for the plaintiff in the sum of $29,008.55. Exceptions alleged by the defendant were overruled by a decision reported in 252 Mass. 552.

There then were proceedings under a special precept of attachment of mortgaged property, and orders described in the opinion were made by *McLaughlin,* J., and were by him reported to this court for determination.

Sections 79-81 of G. L. c. 223 are as follows:

"Personal property subject to a mortgage and in the possession of the mortgagor may be attached as if unencumbered; and the mortgagee or his assigns may be summoned in the same action in which the property is attached as the trustee of the mortgagor or his assigns to answer such questions as may be put to him or them by the court or by its order relative to the consideration of the mortgage and the amount due thereon.

"If upon such examination, or upon the verdict of a jury as provided in the following section, it appears that the mortgage is valid, the court, having first ascertained the amount justly due upon it, may direct the attaching creditor to pay the same to the mortgagee or his assigns within such time as it orders; and if he does not pay or tender the amount

within the time prescribed, the attachment shall be void and the property shall be restored.

"If the attaching creditor denies the validity of the mortgage and moves that its validity be tried by jury, the court shall order such trial upon an issue which shall be framed under its direction. If, upon such examination or verdict, the mortgage is adjudged valid, the mortgagee or his assigns shall recover his costs."

*J. G. Palfrey*, for the plaintiff.

*R. Baldwin*, for the defendant.

PIERCE, J. The plaintiff having a verdict in the Superior Court against the defendant, after rescript from this court overruling exceptions of the defendant, 252 Mass. 552, again is here upon a report by a judge of the Superior Court of certain interlocutory orders and rulings made by him, sitting without a jury.

The facts disclosed in the report material to the orders and rulings in substance are as follows: May 6, 1921, on motion of the plaintiff a special precept issued, wherein the sheriff was commanded to attach the goods of the defendant and summon one Herbert B. Bailey, mortgagee of personal property in the possession of the defendant, to answer questions as may be put to him by the court or by its order, "relative to the consideration of the mortgage and the account due thereon, in accordance with Sec. 79, Chap. 223 of General Laws." The return of service filed May 10, 1921, shows an attachment of personal property; and a return, May 17, 1921, shows a service of summons on Herbert B. Bailey, mortgagee. June 6, 1921, an appearance was entered for the trustee, Bailey, and an answer was allowed to be filed by the judge over the exceptions of the plaintiff, some time after January, 1925, and before June 15, 1925.

On July 16, 1921, the plaintiff filed written interrogatories to the trustee, and Bailey filed answers thereto on July 29, 1921. These answers were filed without any order of court having been made relating thereto or directing that answer be made. The interrogatories and their answers relate to the business of Bailey and his relations to the defendant, the circumstances surrounding the execution of the mortgages,

the consideration thereof, the amount due thereon, and the conditions and obligations subject to which they were held by Bailey. The material portions of the interrogatories are annexed to the report.

Prior to November 6, 1924, the plaintiff filed a motion wherein he recited the fact of the attachment of certain personal property of the defendant and the fact that Bailey was summoned as trustee of the defendant, and moved "that the court hear the plaintiff and its witnesses and determine the questions of the validity of the mortgage, the consideration thereof and if the mortgage is valid, the amount, if any, due thereon." On this motion after notice to the defendant, but without notice to the trustee, and after hearing, it was "Ordered that the case stand for hearing before the court without a jury to determine the questions of the validity of the mortgage, the consideration thereof and if the mortgage is valid the amount due thereon." At the hearing the plaintiff requested the judge to set the matter down for a jury trial under the provisions of G. L. c. 223, § 81, and to frame issues for that purpose if a trial before the court without juries must as a matter of law be confined to questions asked of the mortgagee either upon interrogatories or orally or upon additional interrogatories. The judge reporting the case in addition found "as a fact that the plaintiff at all times desired a trial for the purpose of attacking the validity of the mortgage and desired to offer the testimony of witnesses other than the mortgagee upon this issue, and that whatever may be the legal effect of its conduct, it has never in fact intended or desired to waive its right to do so."

November 20, 1924, written notice was sent Bailey and his counsel and the bank that by special order of the court the plaintiff's motion to try out the validity of the mortgage was marked for hearing on the jury waived list of November 24, 1924. The case was continued from time to time thereafter until it came before the judge who reported his findings and rulings at the June session, 1925.

Upon the facts reported the judge ruled:

"(a) The plaintiff is precluded, as a matter of law, from a jury trial on any issues, even if it now moves for such a trial.

"(b) The plaintiff is precluded from contesting the validity of the mortgage.

"(c) The only issues open to the plaintiff are the consideration of the mortgage and the amount due thereon.

"(d) The issues open under the preceding ruling are to be tried according to the usual practice in hearings in trustee process, except that there can be no jury issues."

The correctness of these rulings is the question submitted to this court in the report. The report also saves the contention of the plaintiff that the judge erred in permitting the trustee to file the answer of the trustee set out by reference in the report.

The decision of the questions depends upon the construction to be given St. 1844, c. 148, which has been reënacted without material change into G. L. c. 223, §§ 79, 80, 81. Regarding St. 1844, c. 148, Merrick, J. said in *Martin* v. *Bayley*, 1 Allen, 381, at pages 383 and 384: "If, then, instead of seizing the mortgaged property of his debtor upon a common writ of attachment, and thereby making himself liable to pay the debt for which it stands or is holden as security within ten days after service and demand, or to relinquish and abandon the lien upon it created by the service of his writ, the creditor elects to proceed under St. 1844, c. 148 [G. L. c. 223, §§ 79, 80, 81, 82], by attaching the property, and at the same time summoning the mortgagee as trustee, and subjecting him to answer interrogatories propounded to him, very different consequences ensue. The mortgagee has not a right, in such case, to insist upon the payment of his debt within twenty-four hours or ten days; but must await the issue of the suit, or rather of the determination of that question, in which he has a particular interest. And as to this, he can only follow the course which the creditor chooses to pursue. The privilege is given exclusively to the latter to decide whether the validity of the mortgage shall be tried upon the personal examination of the mortgagee, or by a jury, upon an issue to be framed for that purpose by the court. And it is only after a trial in one of these forms has taken place, and the mortgage has thereupon been found to be *bona fide* [valid], that the mortgagee can

have any resort to the mortgaged property to enforce or recover payment of his debt. When its validity has thus been finally established, it becomes the duty of the court to ascertain the amount justly due upon it, and thereupon to order and direct within what time payment of the amount so found due shall be made. If it is not then paid according to the order, the attachment is at once void, and the property is to be immediately restored." G. L. c. 223, § 80. "If, upon such examination or verdict, the mortgage is adjudged valid, the mortgagee or his assigns shall recover his costs." St. 1844, c. 148, § 4. G. L. c. 223, § 81.

St. 1844, c. 148, and G. L. c. 223, §§ 79, 80, 81, interpreted under the guidance of the passage quoted from *Martin* v. *Bayley,* established two rules of procedure to be followed and observed at the trial of issues between the attaching creditors of mortgaged personal property in the possession of the mortgagor and the mortgagee summoned as trustee, under G. L. c. 223, §§ 79, 80, 81: (1) The attaching creditor at a jury waived hearing may contest the validity of the mortgage through a personal examination of the mortgagee, through an examination of him upon interrogatories, or through an inquisition which partakes of both methods of eliciting facts; the creditor at such a hearing is entitled to offer any competent evidence according to the rules applicable in adversary proceedings at law, and is not limited in proof by the answers of the trustee or by the rules of trustee process; or (2) he may elect to deny the validity of the mortgage and have an issue in that regard found under the direction of the court and submitted to the jury. He must elect at the outset, before any examination in any form is had of the trustee, to have the validity tried by a jury, and cannot have such issue tried by a jury after an examination is begun appropriate to be heard before a judge without a jury. *Furber* v. *Dearborn,* 107 Mass. 122. *Jackson* v. *Colcord,* 114 Mass. 60. *Porter* v. *Warren,* 119 Mass. 535.

Upon the reported facts and upon the form of the interrogatories and answers thereto, it is plain the plaintiff elected to submit the validity of the mortgage to the determination

of the jury waived court, and could not thereafter move for and have issues framed for a trial by jury.

The validity of the mortgage is the primary question, and the answer of the mortgagee relative to the consideration of the mortgage and the amount due thereon, G. L. c. 223, § 79, does not preclude a full examination of the mortgagee relative to that validity nor exclude the introduction of any competent evidence admissible according to the rules applicable to any adversary proceeding at law. *Shapiro* v. *Park Trust Co.* 253 Mass. 383, 386, 388. *Jenness* v. *Shrieves,* 188 Mass. 70, 74. *Goulding* v. *Hair,* 133 Mass. 78. *Martin* v. *Bayley, supra.* It follows that the ruling designated (a), and the ruling admitting the filing of the answer, were right; it further follows that the rulings designated (b) (c) and (d) were erroneous.

It results that the case is to stand for hearing before the court without a jury, to determine the question of the validity of the mortgage, the consideration thereof, and, if the mortgage is valid, the amount due thereon.

*So ordered.*