ANGELICA COSTA *vs.* JOSEPH GOLDENBERG & others.

Suffolk. November 29, 30, 1926. — January 7, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & SANDERSON, JJ.

*Attachment,* Of mortgaged property, Excessive. *Abuse of Process. Damages,* In tort. *Evidence,* Of value: estimate by owner.

At the trial of an action against a constable for conversion and abuse of process, there was evidence that the defendant made an attachment of goods in the plaintiff's store purporting to act under two writs with *ad damnums* of $150 and $200, respectively; that the goods were subject to mortgages, but that the plaintiff, mortgagor, was in possession; that the mortgagees gave the defendant notices under G. L. c. 223, §§ 74, 75, and before the expiration of ten days thereafter the plaintiff gave the defendant notice under § 48 to remove the property or the keeper without unreasonable delay; that the defendant then removed all the property from the store, stored it, and subsequently sold all of it on an execution issued in the action in which the first attachment was made; that the goods so removed were in value very largely in excess of the *ad damnums* of the writs against the plaintiff; and that by such act the plaintiff's business was ruined and had to be discontinued. A motion by the defendant for the ordering of a verdict in his favor was denied. There was a verdict for the plaintiff. *Held,* that

(1) Whatever rights the mortgagees had as between themselves and the attaching creditors were immaterial in this action;

(2) On the evidence, it was a question for the jury whether the defendant made attachments which were in an amount unwarranted by the *ad damnums* of the writs;

(3) If the attachment made by the defendant was in an amount unwarranted by the *ad damnums* of the writs, he was a trespasser *ab initio* and liable to the plaintiff for conversion and abuse of process;

(4) The plaintiff properly was permitted as a witness to give his own estimate of the value of the business which he testified he had lost through the defendant's unwarranted acts.

TORT against Joseph Goldenberg and Julius Hershman, copartners trading as Union Importing Company, and Paul R. Gast, a constable, with a declaration, as amended, for conversion and abuse of process. Writ dated August 2, 1920.

In the Superior Court, the action was tried before *Walsh*, J. Material evidence is described in the opinion. At the close of the evidence, the defendants moved that a verdict be ordered in their favor. Verdicts were so ordered as to the defendants Goldenberg and Hershman. The motion was denied as to the defendant Gast, and against him the jury found in the sum of $1,341. The defendant Gast alleged exceptions.

*S. H. Borofsky*, for the defendant Gast.

*A. J. Connell*, for the plaintiff.

BRALEY, J. A verdict for the defendants Goldenberg and Hershman having been directed, the case is here on the exceptions of the defendant Gast. We are of opinion that the defendant has failed to show error in the rulings.

The jury could find that in August, 1918, the plaintiff was engaged in business "as grocer and provision, dealer" and, having bought goods on credit for which she had not paid, two of her creditors brought suit, and the writs were given to the defendant, a duly qualified constable, for service. He attached all the personal property in the store, some of which consisted of perishable goods, and put in a keeper. The *ad damnum* in the first writ was $150 and in the second writ $200, and, on conflicting evidence, it could be found that at the date of the attachments the property seized was very largely in excess of the amounts demanded and of the *ad damnums* of the writs.

The property, however, being subject to two valid mortgages, the mortgagees, acting under G. L. c. 223, §§ 74, 75, respectively demanded of the defendant payment of the money due. If the money was not paid or tendered by the

attaching creditors within ten days, the attachments would be dissolved. G. L. c. 223, § 75, *Martin* v. *Bayley,* 1 Allen, 381, *Porter* v. *Warren,* 119 Mass. 535, 536, but the defendant, however, did not relinquish the attachment, and whatever rights the mortgagees thereafter may have had as between themselves and the attaching creditors are not material in the case at bar. The mortgagees had not entered to foreclose, and the plaintiff, who was in possession, held the title subject to the mortgages. G. L. c. 223, § 74. *Sullivan* v. *Lamb,* 110 Mass. 167. The defendant therefore was bound, on the plaintiff's request in writing given by her before the ten days had expired, to remove the property or the keeper without unreasonable delay. G. L. c. 223, § 48. See *Copp* v. *Williams,* 135 Mass. 401. The defendant removed all the property, which he stored in a warehouse and subsequently seized and sold on execution issued in the first action.

It was the duty of the defendant to decide as best he could whether the property attached would prove sufficient to satisfy the claims of the plaintiffs, and if in the exercise of this discretion he, through an honest mistake, attaches a greater amount, he is not liable to the debtor. *Williams* v. *Eastman,* 208 Mass. 579. This question under appropriate instructions was for the jury, which on the record it must be presumed were given. *Savage* v. *Brewer,* 16 Pick. 453, 457.

The defendant, if found to have made an attachment which in amount was unwarranted by the writ, became a trespasser *ab initio. Walsh* v. *Brown,* 194 Mass. 317. And the plaintiff could sue for conversion, as well as for abuse of process. *Scollard* v. *Brooks,* 170 Mass. 445, 448. *Wood* v. *Graves,* 144 Mass. 365. *Humphreys* v. *Sutcliffe,* 192 Penn. St. 436.

The question of damages also was for the jury, and the plaintiff, who testified in substance that the defendant had caused her financial ruin and compelled her to discontinue business, was properly permitted to give an estimate of the loss. *Shea* v. *Hudson,* 165 Mass. 43, 44, and cases cited.

The remaining exceptions to the admission and exclusion of evidence are without merit. The defendant's motion for a directed verdict was denied rightly for reasons pre-

viously stated. The defendant also made fourteen requests for rulings, and excepted only to the refusal of the judge to give the twelfth, thirteenth, and fourteenth. But, not having been argued, we treat them as waived.

*Exceptions overruled.*