EUGENE F. O'NEILL *vs.* LEON SMALL.

Suffolk. April 2, 1929. — September 9, 1929.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Attachment. Mortgage,* Of personal property. *Practice, Civil,* Waiver of defect in form, Rehearing. *Waiver.*

If a creditor, in an action against his debtor by trustee process, attaches personal property which is subject to an alleged mortgage and summons the mortgagee as trustee, the mortgagee, while the attachment is in force, cannot proceed under his mortgage against the property; but his right to his security, at some time, is not impaired, unless the attaching creditor attacks successfully the validity of the mortgage.

It is the duty of the plaintiff in an action of the character above described to pursue the proceeding which he has begun by his attachment until the validity of the mortgage is determined, or to abandon his attachment.

In an action by trustee process, a mortgagee of personal property was summoned as trustee and the mortgaged goods were attached and were placed in charge of a keeper. The action was ordered to be heard in the Superior Court on a certain day in a session without jury upon a motion by the trustee that he be discharged on his answer. Before that day, the plaintiff filed a denial of the validity of the mortgage. At the hearing on the day set, all parties dealt with the hearing as if it were upon a motion by the plaintiff for trial without jury accompanying a denial that the mortgage was valid,

and it appeared that the mortgagee had foreclosed the mortgage, contending that the plaintiff had abandoned his attachment. The judge after a full hearing of evidence and arguments found that the mortgage was valid, that there had been no abandonment of the property attached, that the foreclosure was invalid, and that a certain amount was due on the mortgage. Over a month later the trustee filed a motion that the plaintiff be ordered to pay the amount found due by the findings, the motion was heard, and an order was filed declaring the mortgage valid, stating the amount due thereon and directing that the plaintiff pay said sum with costs to be taxed by the clerk to the trustee or his assigns within ten days. In the meantime, the plaintiff had filed a suggestion that the defendant had been adjudicated a bankrupt. The plaintiff alleged exceptions. *Held*, that

(1) It was too late, after the hearing by the judge without a jury, to question the propriety of the hearing as a matter of form;

(2) While no action was possible after the first findings by the judge until the court had fixed the amount due and ordered payment by the attaching creditor, neither the bankruptcy of the defendant nor the other circumstances affected the court's duty to make the determination and order prescribed by the statute, G. L. c. 223, § 81;

(3) The court's order was proper.

A motion by the plaintiff, after the order above described, that it be revoked and the motion be reheard, which was based on affidavits that testimony at the hearing was perjured, was addressed to the sound discretion of the trial judge, and, no abuse of discretion being shown, there was no error in its denial.

CONTRACT upon a check for $430 by the payee against the maker, doing business under the firm name and style of Kingston Manufacturing Co., Louis Sawelsky, "mortgagee of a certain mortgage, personal property of the defendant," being summoned by trustee process "to show cause, if any he have, why execution to be issued on such judgment as the said plaintiff may recover against the said defendant in this action, (if any) should not issue against his goods, effects or credits, in the hands and possession of the said trustee, and to ascertain the validity of said mortgage and to ascertain the amount due thereon." Writ in the Municipal Court of the City of Boston dated January 12, 1927.

In the Municipal Court on January 31, 1927, the alleged trustee filed an answer of "no funds" under oath. The action was removed to the Superior Court on February 3. On February 18 the alleged trustee filed a motion that he be discharged on his answer. On February 25, the court

ordered that "issues raised by this motion . . . [be] heard
in the session without jury during the week of March 17,
1927." "A denial of the validity of the mortgage and
alleged foreclosure was filed by the plaintiff on March 10,
1927, by leave of court." The action then was heard by
*Sisk*, J., without a jury. A statement of findings of fact
and rulings of law, filed by him on April 20, 1927, contained,
besides the facts set out in the opinion, the following:
"Thereupon I heard the parties, their evidence, and argu-
ments of counsel. No question was raised by the parties
as to trial by jury or the framing of issues for a jury. The
case was tried on two issues raised by the plaintiff: First,
was Sawelsky's mortgage valid? Second, was there a valid
foreclosure of his mortgage? . . . I find, First, that the
mortgage from Small to Sawelsky is a valid, existing mort-
gage, and there is now due on said mortgage the sum of
one thousand dollars with interest from December 23rd,
1926; second, I find there was no abandonment of the
property attached, and therefore there was no valid fore-
closure of said mortgage."

Further proceedings in the Superior Court and excep-
tions saved by the plaintiff are stated in the opinion.

G. L. c. 223, §§ 79–83, read as follows:

"SECTION 79. Personal property subject to a mortgage
and in the possession of the mortgagor may be attached as
if unencumbered; and the mortgagee or his assigns may be
summoned in the same action in which the property is
attached as the trustee of the mortgagor or his assigns to
answer such questions as may be put to him or them by
the court or by its order relative to the consideration of the
mortgage and the amount due thereon.

"SECTION 80. If upon such examination, or upon the
verdict of a jury as provided in the following section, it
appears that the mortgage is valid, the court, having first
ascertained the amount justly due upon it, may direct the
attaching creditor to pay the same to the mortgagee or his
assigns within such time as it orders; and if he does not
pay or tender the amount within the time prescribed, the
attachment shall be void and the property shall be restored.

"SECTION 81. If the attaching creditor denies the validity of the mortgage and moves that its validity be tried by jury, the court shall order such trial upon an issue which shall be framed under its direction. If, upon such examination or verdict, the mortgage is adjudged valid the mortgagee or his assigns shall recover his costs.

"SECTION 82. When the creditor has paid to the mortgagee or his assigns the amount ordered by the court, he may retain out of the proceeds of the property attached, when sold, the amount so paid with interest, and the balance shall be applied to the payment of his debt.

"SECTION 83. If the attaching creditor, after having paid the amount ordered by the court, does not recover judgment, he may nevertheless hold the property until the debtor has repaid with interest the amount so paid."

*J. J. Cummings,* for the plaintiff.

*H. Altman,* for the defendant.

WAIT, J. This case is before us upon two bills of exceptions filed by the plaintiff. The first raises the question of the validity of an order of the Superior Court dated July 7, 1927, which directed payment by the plaintiff within ten days thereafter of the amount due upon a mortgage which was found to be valid. The second challenges an order of the court denying a motion for revocation of the order of July 7, and for rehearing. Material facts are as follows: Upon a writ dated January 12, 1927, returnable to the Municipal Court of the City of Boston on January 29, 1927, the plaintiff attached goods in the possession of the defendant which were subject to a mortgage. The attachment was made on January 14, 1927, and the mortgagee was summoned as a trustee, pursuant to G. L. c. 223, §§ 79–83. The case was removed to the Superior Court, where it was tried upon pleadings raising the validity of the mortgage and of its attempted foreclosure subsequent to the attachment and service of the trustee writ. Findings of fact and rulings of law were filed. The mortgage was found to be valid. The trustee at the hearing contended that the attachment made January 14 had been abandoned, and that he thereupon took possession and foreclosed. The judge found that there

had been no abandonment, and that the alleged foreclosure was invalid. He found that $1,000 and interest from December 23, 1926, was due thereon. He gave all material instructions requested by plaintiff and trustee. On June 3, the trustee filed a motion that the plaintiff be ordered to pay the amount found due by the findings filed April 20; and alleged that the mortgaged property had decreased largely in value and that if returned he would suffer great loss. Hearing was had on this motion, and on July 7, the court filed an order declaring the mortgage valid, finding that on July 7, 1927, there was due upon it $1,031.83 and directing that the plaintiff pay said sum with costs to be taxed by the clerk to the trustee or his assigns within ten days. In the meantime, the plaintiff, on July 2, filed a suggestion that Small, the defendant, had been adjudicated bankrupt on June 2, 1927.

While the attachment is in force, the mortgagee cannot proceed under his mortgage against the property, *Martin* v. *Bayley*, 1 Allen, 381, *Shapiro* v. *Park Trust Co.* 253 Mass. 383, 388; but his right to his security, at some time, is not impaired, unless the attaching creditor attacks successfully the validity of the mortgage. It is the duty of the creditor to pursue the proceeding which he has begun by his attachment until the validity of the mortgage is determined; or to abandon his attachment. *Martin* v. *Bayley, supra*, at page 384. *Hayward* v. *George*, 13 Allen, 66. If the trustee appears and either the creditor discontinues against him or he is discharged by the court, the attachment is dissolved. *Goulding* v. *Hair*, 133 Mass. 78, 81. Although the order of the court under which the validity of the mortgage was tried out was apparently based upon a motion filed by the trustee for his discharge, all parties have dealt with it as if made upon a motion by the plaintiff for trial without jury accompanying a denial that the mortgage was valid. G. L. c. 223, § 81. It is too late now to object to matters of form. The denial was made, the issue was tried and decided. No action was possible, however, until the court had fixed the amount due and ordered payment by the attaching creditor. G. L. c. 223, § 80. *Shapiro* v. *Park Trust Co. supra*, at page 387. *Banca Italiana Di Sconto* v. *Columbia Counter*

*Co.* 255 Mass. 255. We see nothing in the bankruptcy of the defendant, or in the other matters brought to the attention of the court, which affects its duty to make the determination and order prescribed by the statute. What may happen afterward is not of moment to the propriety of the order. The attachment, if not abandoned, remains in force until the failure of the creditor to pay the amount directed within the time fixed. The order does not oblige the creditor to make payment. He is left, under the statute, knowing what and when he must pay if he wishes to maintain his attachment, with the choice of paying in accord with the order or of losing his attachment. *McDonald* v. *Faulkner*, 154 Mass. 34. If the creditor allows the attachment to be dissolved, the dissolution is the act of the law. The remedies of the trustee mortgagee, if he has suffered loss, must be obtained in other proceedings. This order of the court was proper. The exceptions thereto must be overruled.

The motion for revocation and rehearing was, in substance, a motion for new trial based upon newly discovered evidence. Such a motion is addressed to the sound discretion of the trial judge. Unless some abuse of discretion is disclosed his decision must stand. *Commonwealth* v. *Sacco*, 259 Mass. 128, 136. *Davis* v. *Boston Elevated Railway*, 235 Mass. 482. Nothing in the bill of exceptions discloses any abuse of discretion. The affidavits tending to show perjured testimony at the hearing do not require the judge to grant another trial on the issue of the validity of the mortgage. His original findings show that the decision was made after considering contradictory evidence. He may well have thought that the evidence of falsity furnished by the affidavits would not affect the result formerly reached. The rulings requested as of law are, in substance, rulings upon facts. We find no error in refusing them.

*Both bills of exceptions overruled.*