STEPHEN BLANEY *vs.* CITY OF SALEM.

Essex.　November 10, 1893. — January 3, 1894.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Assessment of Damages for the Taking of encumbered Flats — Evidence.*

On a petition for the assessment of damages caused by the respondent's taking of flats belonging to the petitioner, testimony of the latter as to "the best plan to develop the flats taken, to get the most out of them," is competent as to unencumbered flats, and not necessarily incompetent as to encumbered.

HOLMES, J. This is a petition for the assessment of damages caused by the respondent's taking of flats belonging to the petitioner, under St. 1886, c. 324, and St. 1887, c. 409. At the trial the petitioner was allowed to testify to "the best plan to develop the flats taken, to get the most out of them," which he stated was to build stores on them, stating modifications in the mode of building if fifteen feet adjoining the next estate had to be left open, and if the dock was not filled up. The respondent excepted.

It hardly is denied that, if the flats had been unencumbered and the petitioner had had a right to build upon them, the evidence would have been competent, (*Maynard v. Northampton,* 157 Mass. 218,) provided the petitioner is to be regarded as qualified to speak upon the subject, as we think he is. *Shattuck v. Stoneham Branch Railroad,* 6 Allen, 115. The question is whether the evidence necessarily was made incompetent by the existence of a restriction. It is said that the flats in question were subject to an easement which prevented their being built upon, and that the petitioner had no license to build upon them as required by law apart from the alleged easement, and therefore that the question was misleading. Assuming the facts to

be as supposed, still the propriety of allowing the question would depend on the particular circumstances of the case. The test is whether the answer would be likely to help the jury to estimate the value of the land. The mere existence of an encumbrance is not technically and necessarily a bar. For instance, if it was manifestly the interest of the owners of the dock and of the public that the dock should be filled up, and therefore it was to be expected that when the time came the owners would release their mutual easement, and the authorities would grant a license, the evidence would be very nearly as instructive as if the owner was free to build at once. Other cases could be imagined in which a jury could be trusted to allow for the restriction in considering such testimony as they would allow for it in rendering their verdict. *Allen* v. *Boston*, 137 Mass. 319. The question went to the verge, but we cannot say that it was wrong to admit it.                    *Exceptions overruled.*

*F. L. Evans*, for the respondent.
*H. P. Moulton*, for the petitioner.