JAMES SHEA *vs.* CHESTER E. HUDSON.

Essex.   November 6, 1895. — December 4, 1895.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Testimony by Owner as to Value of Property.*

In an action for injuries occasioned to a horse and buggy by a collision with a horse and carriage driven by the defendant, the owner of the horse and buggy is presumed to have such a familiarity with them as to know pretty nearly, if not actually, what they are worth, although he does not buy and sell horses or carriages, and may testify to their value before and after the accident.

TORT, for injuries occasioned to the horse and buggy of the plaintiff by a collision with a horse and carriage driven by the

defendant. At the trial in the Superior Court, without a jury, before *Braley*, J., the plaintiff was asked by his counsel what was the value of his horse before the accident, and what was the value of his carriage. To these questions the defendant objected, on the ground that the plaintiff had not been shown to be an expert, and thus was not competent to give an opinion on the subject. The judge allowed the plaintiff to answer, and he testified that his horse was worth one hundred and seventy-five dollars before the accident, and his buggy from fifteen to twenty dollars. He then testified that the buggy was practically destroyed, and, subject to the same exception, that the horse was worth seventy-five dollars after the accident. No evidence was offered to show that the plaintiff had ever bought or sold horses or carriages, or to show any other qualification to enable him to give an opinion as an expert of their value. The plaintiff subsequently described the appearance, age, and weight of the horse, and his gait before and after the accident. There was no other evidence as to the value of the horse or buggy.

The judge found for the plaintiff; and the defendant alleged exceptions.

*C. U. Bell*, for the defendant.

*W. S. Bartlett*, for the plaintiff.

MORTON, J. The question in this case relates to the admissibility of the testimony of the plaintiff, who was the owner, respecting the value of the horse and buggy before and after the accident. Without undertaking to decide that in every case the fact of ownership qualifies a party to testify to the value of or damage to property, we think that the evidence was rightly admitted in the present case. It has been held that the owner of real estate was competent to testify to the damage done to his property by the taking of a part of it for a railroad, and also that his opinion regarding the value of his estate was admissible. *Shattuck* v. *Stoneham Branch Railroad*, 6 Allen, 115. *Snow* v. *Boston & Maine Railroad*, 65 Maine, 230. *Patch* v. *Boston*, 146 Mass. 52, 57. *Blaney* v. *Salem*, 160 Mass. 303.

In *Mercer* v. *Vose*, 67 N. Y. 56, the plaintiff was permitted to testify to the value of the services rendered by him, which were the subject of the suit. In other cases parties sufficiently familiar with the property in controversy to express an opinion upon

its value have been allowed to do so, though not regarded as experts. *Walker* v. *Boston*, 8 Cush. 279. *Shaw* v. *Charlestown*, 2 Gray, 107, 109. *Haskins* v. *Hamilton Ins. Co.* 5 Gray, 432. *Whitman* v. *Boston & Maine Railroad*, 7 Allen, 313. *Reed* v. *Washington Ins. Co.* 138 Mass. 572, 577.

Ordinarily the owner of a horse and buggy may be presumed to have such a familiarity with them as to know pretty nearly, if not actually, what they are worth, although he does not buy and sell horses or carriages.

In *Berney* v. *Dinsmore*, 141 Mass. 42, no question was presented concerning the admissibility of the plaintiff's opinion respecting the value of the ring. She did not offer to testify to its value.                    *Exceptions overruled.*