THEODORE F. MEYER *vs.* ADAMS EXPRESS COMPANY.

Hampden.   October 10, 1921. — November 22, 1921.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Evidence,* Presumptions and burden of proof; Of value; Opinion: expert; Competency.

In an action to recover from the defendant, a common carrier, the value of a keg of acid violet dye alleged to have been delivered in April, 1917, to the defendant and lost by it in May, 1917, the plaintiff, who was the owner of the dye, testified that during 1917 he was a dealer in dye stuffs at the place of shipment; that he personally packed the dye in question; that he had dealt considerably in the particular kind of dye stuff that was shipped; that he was familiar with the value of dye stuffs at that time and that although he had made no examination of the contents of the keg before shipment, he had taken a sample of the contents of the keg in question, had examined it and had had it tested. Subject to an exception by the defendant the plaintiff was allowed to testify as to the market value of the lost dye. *Held,* that

(1) Where the value of property real or personal is in controversy the owner thereof may be presumed to have such familiarity with it as to be qualified to express an opinion as to its value;

(2) The evidence, apart from the fact that it was the testimony of the owner, warranted a finding that the plaintiff was competent to give his opinion as evidence upon the subject of the market value of the lost dye.

CONTRACT OR TORT to recover the value of a keg of "Acid Violet Dye" alleged to have been delivered in April, 1917, to the defendant and lost by it in May, 1917. Writ dated December 10, 1918.

In the Superior Court the action was heard by *Lawton,* J., without a jury. Material evidence is described in the opinion. The judge found for the plaintiff in the sum of $1,946.66; and the defendant alleged exceptions.

The case was submitted on briefs.

*F. G. Wooden & H. P. Small,* for the defendant.

*J. P. Prince & G. W. Gordon,* for the plaintiff.

CROSBY, J. This is an action to recover the value of a keg of "Acid Violet Dye," alleged to have been lost by the defendant. The sole question presented is whether the trial judge erred in permitting the plaintiff to testify as to the market value of the property so lost.

The plaintiff testified that, during the year 1917, he was in the business of dealing in dye stuffs in the city where the goods were delivered to the defendant for shipment; that he personally packed them; that he had dealt considerably in the particular kind of dye stuff that was shipped, and was familiar with the value of dye stuffs at that time. Although he testified that he made no examination of the contents of the keg before shipment, he also testified that he had taken a sample of it, which he had examined and had had tested.

It is well settled that where the value of property, real or personal, is in controversy, the owner thereof may be presumed to have such familiarity with it as to be qualified to express an opinion as to its value. *Shattuck* v. *Stoneham Branch Railroad,* 6 Allen, 115. *Blaney* v. *Salem,* 160 Mass. 303. *Lincoln* v. *Commonwealth* 164 Mass. 368, 380. *Shea* v. *Hudson,* 165 Mass. 43. *Jackson* v. *Innes,* 231 Mass. 558, 561.

Apart from the fact that the testimony admitted was that of the owner, there was evidence tending to show that he was in

possession of special knowledge of the value of dye stuff of the kind in question, and which well warranted the judge in finding that the plaintiff was competent to give his opinion as evidence upon that subject. *Webber* v. *Eastern Railroad*, 2 Met. 147, 149. *Shaw* v. *Charlestown*, 2 Gray, 107, *Lawton* v. *Chase*, 108 Mass. 238, 241. *Muskeget Island Club* v. *Nantucket*, 185 Mass. 303.

It follows that the evidence was rightly admitted.

*Exceptions overruled.*