Eno, J.
This is an action of tort in which the plaintiff seeks to recover property damage to her automobile caused by the alleged negligence of the defendant in operating his automobile which collided with it. The defendant’s answer sets out a general denial and an allegation of contributory negligence.
The facts as they are set out in the report are as follows: On or about June 21, 1941, the plaintiff was operating her automobile in an easterly direction on the Revere Beach Parkway in Everett. This parkway is about four lanes . wide and a main artery leading to Revere Beach, running east and west. There were automobiles moving in both directions, one being about sixty feet in front of the defendant’s automobile. When the latter was about five car lengths behind said automobile, the plaintiff turned left across the road into a driveway of Dutchland’s Farms which was then abandoned and closed for business.
*78 There is evidence to show that the plaintiff cut across the road, sharply and without warning, into the path of the defendant’s on-coming automobile between the automobile ahead of the defendant and the defendant’s automobile; that the defendant immediately applied his brakes and turned left as far as he could without colliding with the on-coming traffic, but the right front part of his automobile came in contact with the right rear side of the plaintiff’s automobile, the front end of which was on the premises of the Dutch-land’s Farms at the time of the impact. It was a clear day and the surface of the road was dry.
The plaintiff had purchased her automobile, a four year old Plymouth coupe, the day before the collision and was taking it to a Mr. Riley for him to try out because she was not familiar with automobiles. She was permitted, over the objections of the defendant, to testify that the fair market value of her automobile before the accident was $375.00 and immediately after the accident, $225.00. Her opinion was based entirely upon the fact that $375.00 was the purchase price. She had it repaired but did not know specifically what parts were repaired; she paid $80.00 for repairs but that price included interest and carrying charges since she had to have the repairs financed and she was unable to state any other basis for her opinion as to the value of the car immediately before or after the accident but stated that “a repaired car is not worth as much after it is fixed as it was before”. The defendant seasonably requested a report on the admission of this evidence of value. The report further states that it contains “all the evidence material to the questions reported”.
The defendant made the following requests for rulings:
1. The defendant, as a matter of law, is entitled to a finding. 2. There is evidence sufficient to warrant a finding for the defendant. 3. The evidence is insuf *79 ficient to warrant a finding for the plaintiff. 4. The plaintiff cannot as a matter of law recover a finding. 5. There is evidence sufficient to warrant a finding that the plaintiff turned her automobile into the path of the on-coming automobile operated by the defendant and that the defendant in the exercise of due care could not avoid the collision. 6. The evidence is sufficient to warrant a finding that the collision was inevitable. 7. The evidence is sufficient to warrant a finding that the plaintiff was negligent. 8. There is evidence sufficient to warrant a finding that the defendant confronted by a sudden emergency did all that an ordinarily prudent driver would have done under the circumstances. 9. When persons traveling with vehicles meet on a way, each shall seasonably drive his vehicle to the right of the middle of the traveled part of the way, so that the vehicles may pass without interference. 10. The defendant had a right to rely to some extent upon the plaintiff’s observance of Chapter 89, Section 1. 11. Failure of the plaintiff to give warning or signal of her intention to turn left was violation of law. 12. Mere fact of ownership does not qualify plaintiff to testify to fair market value of automobile.
The trial justice allowed requests numbered 9 and 10, denied request number 11 “ as not in accordance with the facts found’ ’ by him, and denied all the others without giving any reason therefor.
The trial justice also made the following written finding:
“I find that the plaintiff was operating her automobile properly and was in the exercise of due care and the defendant negligently and unskilfully operated his automobile causing the damage as alleged in Count 2 of the plaintiff’s declaration. Count 1 was waived by the parties.”
He assessed damages in the sum of $150.00 as shown by the copy of the docket entries, although the report shows the amount to be $125,00,
*80 Defendant not having mentioned in his brief or argued his request for ruling numbered 11, it is treated as waived. Commonwealth v. Congdon, 265 Mass. 166, 168. Smith v. Import Drug Co., 253 Mass. 368, at 371. Carangias v. The Market Men’s Relief Assoc. 293 Mass. 284. 285.
The first question to be decided is on the admissibility of evidence admitted over the defendant’s objections relating to the fair market value of the plaintiff’s automobile. That question is also raised by the defendant’s request numbered 12.
It is stated in the ease of Menici v. Orton Crane & Shovel Co., 285 Mass. 499, at 503, that:
“The rule which permits the owner of real or personal property to testify as to its value does not rest upon the fact that he holds the legal title. The mere holding of the title to property by one who knows nothing about it and perhaps has never even seen it does not rationally and logically give him any qualification to express an opinion as to its value. Ordinarily an owner of property is actually familiar with its characteristics, has some acquaintance with its uses actual and potential and has had experience in dealing' with it. It is this familiarity, knowledge and experience, not the holding of the title, which qualify him to testify as to its value. In Shea v. Hudson, 165 Mass. 43, 44, 45, where the court did not undertake ‘ to decide that in every case the fact of ownership qualifies a party to testify to the value of or damage to property, ’ it is said: ‘ Ordinarily the owner of a horse and buggy may be presumed to have such familiarity with them as to know pretty nearly, if not actually, what they are worth. ’ Similar language is found in Meyer v. Adams Express Co., 240 Mass. 94, where the plaintiff, besides being the owner, had special knowledge óf dye stuffs the value of which was in controversy. In Wooley v. Fall River, 220 Mass. 584, 589, where the witness was part owner of real estate and had not occupied it off and on for sixteen years, it is said: ‘Usually the owner is assumed to have a knowledge of his property adequate to form an intelli *81 gent estimate of its value’; and in Patch v. Boston, 146 Mass. 52, 57, where the plaintiff had owned and occupied a house for seventeen years, it is stated: ‘Usually such owner and occupant may be presumed to have a sufficient opinion of the value of his property to make his admission (Of its value) competent against himself.’ Speaking of testimony given by an owner of property it was held in Blaney v. Salem, 160 Mass. 303, to be competent ‘Provided the petitioner is to be regarded as qualified to speak upon the subject, as we think he is.’ Where testimony of owners of stock as to its value was admitted there was said to be no error since. ‘The foundation was sufficiently laid for the introduction of the testimony’ and ‘They were shown to have sufficient familiarity with it.’ Blabon v. Hay, 269 Mass. 401, 409. See also Shattuck v. Stoneham Branch Railroad, 6 Allen, 115; Jackson v. Innes, 231 Mass. 558; Costa v. Goldenberg, 258 Mass. 264.”
In the present case it does not appear that the plaintiff was ‘ ‘ actually familiar ’ ’ with the characteristics of her automobile or that she had “any experience in dealing with it”. On the contrary, the report discloses that “she was not familiar with automobiles”. Her opinion as to the fair market value of the automobile before the accident was based entirely on its purchase price and she was unable to state any basis for her opinion as to its value immediately after the accident other than saying that “a repaired car is not worth as much after it is fixed as it was before”. We think that a foundation was not sufficiently laid for the introduction of this testimony. The twelfth requested ruling should have been allowed.
The defendant’s requests for rulings numbered 2, 3, 5, 6, 7 and 8, all denied by the trial justice, raised the issue of the sufficiency of the evidence on the defendant’s negligence and the plaintiff’s due care.
As stated in Castano v. Leone, 278 Mass. at 431, the trial judge sitting without a jury “Must lay down correctly the *82 pertinent rules of law.for his own guidance; and having done that, he must follow those rules in making the findings of material facts upon the evidence.” Haywood v. Stiles, 124 Mass. 275. Hillyer v. Dickinson, 154 Mass. 502 at 503. Cameron v. Buckley, 299 Mass. 432 at 433.
As was said in Bresnick v. Heath, 292 Mass. 293 at 298, “The plaintiff was seeking a ruling there was evidence sufficient to justify a finding in his favor. He was entitled to that ruling or to a statement of findings of fact showing that the requested ruling had become irrelevant. ’ ’
Hetherington & Sons v. Firth Co., 210 Mass., 8 at 18.
The principles governing these forms- of requested rulings are discussed at length in the recent case of Hoffman v. City of Chelsea, 315 Mass. 54, 55 where the court stated:
“The first requested ruling, if made, would have been in effect a ruling that the evidence did not as matter of law require a finding for the plaintiff. This requested ruling was pertinent to the case. And clearly the ruling would have been right on the evidence. The evidence warranted a finding for the defendant. The judge could have disbelieved the evidence essential to support a finding for the plaintiff. There was no evidence binding on the defendant that required a finding for the plaintiff. On the other hand, the denial of the request for such a ruling — unless such a ruling were rendered immaterial by a special finding or special findings of fact — was equivalent to a ruling as matter of law that on the evidence a finding for the defendant could not have been made, or, in other words, that as matter of law the evidence required a finding for the plaintiff. See Bresnick v. Heath, 292 Mass. 293, 298; Rummel v. Peters, 314 Mass. 504, 517. Such a ruling could not rightly have been made, since, as already pointed out, the evidence warranted a finding for the defendant. And such a ruling was not harmless error. The denial of the defendant’s first request for a ruling cannot be justified unless on the ground, hereinafter considered, that the ruling requested was ren *83 dered immaterial by a special finding or special findings of fact. The defendant was entitled to the ruling requested or to a statement of findings- of fact showing that the ruling had become immaterial. Bresnick v. Heath, 292 Mass. 293, 298. Perry v. Hanover, 314 Mass. 167, 173-176, and cases cited. Rummel v. Peters, 314 Mass. 504, 517-518.
“In cases where, as in the present case, the burden of proof is upon the plaintiff, and the evidence is largely oral, as has frequently been pointed out, it can rarely be ruled as matter of law that the plaintiff is entitled to recover. Evans v. County of Middlesex, 209 Mass. 474, 480. Coleman v. New York, New Haven & Hartford Railroad, 215 Mass. 45, 47. McDonough v. Metropolitan Life Ins. Co., 228 Mass. 450, 452, and cases cited. Eddy v. Johnston, 250 Mass. 299, 301. Donahue v. Leventhal, 302 Mass. 393, 395. Purdie v. Roche, 304 Mass. 647, 649. Zawack v. Finn, 307 Mass. 86, 88. Yet a denial of such a request by a defendant as is here in question in proper form, not rendered immaterial by a special finding or special findings of fact, is in effect a ruling as matter of law that the plaintiff is entitled to recover. Only in an unusual case — the most conspicuous example of such a case being a ease in which the testimony of the defendant by which he is bound requires a finding for the plaintiff —would it be legal error to rule that the evidence warranted a finding for the defendant. And such a ruling would not be inconsistent with a finding for the plaintiff. Moreover, even if such a ruling constituted legal error, such error would be harmless if the general finding was for the plaintiff. The cases, therefore, would be very rare in which such a ruling would constitute reversible error.
“On the other hand, the denial of such a ruling, not rendered immaterial by a special finding or special findings, except in unusual instances would constitute legal error, and such legal error would rarely be harmless. The denial of a request by a defendant for a ruling that the evidence warranted a finding for him is likely to constitute reversible error, except in an unusual case. Such a request, except in an unusual case, is likely to be a trap for the unwary rather than *84 a method of preserving a right of review on questions of law. This trap can ordinarily be avoided more surely by granting the request than by a special finding or special findings of fact.”
In passing upon a request of similar effect which had been denied and where the judge made a special finding, this Division in remanding the case for a new trial stated,
“The granting of such a request does not require a finding in favor of the party making the> request. A finding one way or another may be warranted as a matter of law but not required. First National Bank of Boston v. Sheridan, 285 Mass. 338 at 339. Topjian v. Boston Casing Co., 288 Mass. 167 at 168.
“In short the judge could consistently grant the request and yet find the other way. Strong v. Haverhill Electric Co., 299 Mass. 455 at 456.
“But having denied the request, he rules that there is not sufficient evidence to warrant submitting the question to himself as the jury. The excepting party has thus been deprived of the right to have the evidence considered upon the crucial question of fact.” Esposito v. Union Motor Sales, Inc., 8 Mass A. D. R. 38 at 42.
In this case the vital fact is that there is insufficient evidence to warrant the finding of the trial judge. This issue is raised by several requests for rulings and when the evidence reported is considered, it is apparent that there was no evidence of anything that the defendant did do or did not do which accounts for the accident. If there is any explanation in the reported evidence it is that the accident was caused by improper operation of her automobile on the part of the plaintiff. The mere happening of the accident would not warrant a finding of negligence on the part of the defendant. Clark v. C. E. Fay Co., 281 Mass. 240. Baker v. Davis, 299 Mass. 345-348.
The plaintiff was not entitled to recover unless she showed by a fair preponderance of the evidence a greater likelihood that the injury came from an act of negligence *85 for which the defendant was responsible than from a cause for which he was not. In the absence of evidence of anything that the defendant did that was a cause of the accident it was error to deny the defendant’s first ruling as well as the second, third, fourth, fifth, sixth and seventh. Najer, Adm. v. Reid, 240 Mass. 211. Rogers v. Dalton, 298 Mass. 433. Luvera. et al. v. DeCaro, 1944 Adv. Sh. 1529. Williams v. United Men’s Shop, Mass. Adv. Sh. 1944—1643.
Nor is the plaintiff’s finding saved by the judge’s finding that the defendant was not negligent. Bern v. Boston Consolidated Gas Co., 310 Mass. 651 at 653, 654. Cheetham v. Crescent Gardens Operating Co., 311 Mass. 320 at 321.
The real issue before the Appellate Division is the disposition of the case. In Himmelfarb v. Nova Del Agene Corporation, 305 Mass. 446, in which the Appellate Division ordered a finding for the plaintiff vacated and judgment entered for the defendant, it was held by the Supreme Judicial Court that the Appellate Division was without authority to make such an order because there was in the case no general request that the plaintiff was not entitled to recover and no question of law presented, the decision of which warranted the order for the entry of a finding for the defendant.
In this case there was not only a formal request that there was evidence warranting a finding for the defendant but there was also a request that the evidence was insufficient to warrant a finding for the plaintiff. This request, an equivalent of a motion for a directed verdict in a jury case, was one to which the defendant in the absence of evidence of his negligence was entitled and one the giving of which by the trial judge would warrant a finding for the defendant. In Home Savings Bank v. Savransky, 307 Mass. 601, in which a somewhat similar situation as to requests existed, it was held not to be error to deny a request that a finding for the plaintiff on the evidence was not war *86 ranted, or that one for the defendant was warranted but error to deny a request that there can he no recovery without proof of negligence. The giving of this latter request by the trial judge would not in itself have warranted a finding for the defendant but would have left the question of fact still undecided without having raised a principle of law sufficient to bar a recovery. Compare with this Cheetham v. Crescent Gardens Operating Co., supra in which the request which was denied was one concerning the sufficiency of the evidence, a situation such as exists in the case under consideration. The request in the latter case is similar to the third request in this case.
The finding for the plaintiff is vacated and a finding for the defendant is to be entered.