Keniston, J.
This is an action of tort in which the plaintiff seeks to recover for damages to his automobile *26 which he had stored in the defendant’s garage and which the defendant negligently delivered to an unauthorized person and which was later recovered by the police in a damaged condition.
There was a finding for the plaintiff and the defendant brings this report in which the only questions raised relate to the matter of damages.
The evidence relating to damages as set forth in the report is as follows:
After the loss was discovered the defendant suggested that the plaintiff notify the police. The plaintiff notified the police of his loss. Twenty-three days after the loss the plaintiff next saw his car in front of Station 16 of the Boston Police Department. Although it was midnight he examined his car and found that the right front fender and headlight were both dented and damaged; that the right rear fender wheel skirt was missing from the auto; that the seat covers were off and that the automobile was very dirty, both inside and outside, that the number plates were not on the car but were missing, that a key case which he had left in the glove compartment and which contained his house key was missing, that he did not see the left side of his automobile at all, that the speedometer on his car showed it had recorded 5400 miles, 3200 miles of which had been added since he last saw his automobile.
The plaintiff testified that in his opinion the fair market value of his automobile on April 26, 1948, the evening he left it at the defendant’s garage, was $2256.00 which was also the same amount of money he had paid for the automobile when he had purchased it new about three months before April 26, 1948. He further testified that on May 19, 1948, when he next saw the automobile after it had been recovered by the police, its fair market value was $1900.00: Upon cross examination he admitted that he
was' a physician and had no export knowledge of automo *27 biles and knew nothing of fair market values but that what he meant when he gave the values on direct examination was the value of the automobile to him, that he knew nothing of depreciation or of Federal taxes, and that his automobile when he saw it and left it at the defendant’s garage was worth just as much as it was when he bought it • new, as it had only been driven 2200 miles and driven carefully ; that the plaintiff never got his automobile back from the police because he gave his insurance company a bill of sale thereto.
The plaintiff on being pressed on cross examination as to whether or not his opinion of value was not in fact a guess, replied that the interrogator might call it that if he wished.
Testimonial evidence given by the plaintiff tended to show that he was familiar with his own property (the automobile) and with its value, and knew nothing of fair market value.
There was no evidence as to damages caused by loss of use. There was no objection made or saved as to the introduction of evidence.
The defendant produced no evidence.
The defendant filed twenty-two requests for rulings and claims to be aggrieved by the court’s disposition of five of them which with the court’s disposition thereof are as follows:
(5) If the plaintiff’s car was taken and damaged by an unauthorized person as a proximate result of the negligence of the defendant, and the car was later recovered or returned, the measure of recovery for damage to the car itself is the difference between the fair market value of the car at the time it was taken and its fair market value at the time it was returned. Denied. * “Market value is not a universal test” hut *28 see findings of fact. (6) If the fair market value of the car at the time of its recovery and in its then condition was equal to or exceeded its fair market value at the time it was taken, the plaintiff’s recovery is limited to damages for loss of use. Denied. Immaterial. See No. 5. See findings of fact. (7) The plaintiff’s damages for injury to the car itself while in the hands of an unauthorized person are limited to the difference between the fair market value of the car at the time it was taken and its fair market value at the time it was restored to the plaintiff. Denied. See No. 5. See findings of fact. (8) In the absence of any evidence as to the fair market value of the car at the time it was taken, the plaintiff can recover only nominal damages for injury to the car itself. Denied. See No. 5. See findings of fact. (9) In the absence of any evidence as to the fair market value of the car at the time it was returned, the plaintiff can recover only nominal damages for injury to the car itself. Denied. See No. 5. (10) The plaintiff cannot recover for damages to the car itself having failed to introduce admissible evidence upon which the amount of the alleged damages can properly be determined. Denied. See findings of fact. No evidence question was saved. (12) If the only evidence of the fair market value of the car on April 27, 1948, is the price the plaintiff paid, including Federal tax, for the car new in January, 1948, any finding as to the market value of the car in April, 1948, based on that price must exclude the amount of the tax and must allow for depreciation during the period of use from January to April, 1948. Denied. See No. 5. Assumed fact ivas not found. See findings of fact. (18) If the plaintiff is entitled to recover, his damages on all the evidence submitted are restricted to the loss of use of the car. Denied. No such evidence.
The court found the following facts: “I find as a fact that the defendant’s agent was negligent and that his negligence was the proximate cause of the damage the plaintiff suffered” and found for the plaintiff in the sum of $356.00.
*29 The defendant objects to the report as established by the trial judge and has filed a petition to establish his draft report as the report. At the hearing upon this petition the defendant presented two motions. First a “Motion to Strike ’ ’ out of the record the report as established by the trial judge and to establish the report, as prayed for in the defendant’s “Petition to Establish.” This motion raises no question that is not presented by the Petition to Establish which will be considered later. Second “Motion to Recommit” this report to the trial judge for the reason that “the action of the trial justice upon the defendant’s motion to amend the ‘Report’ is equivocal and cannot adequately be reviewed by this Division until the trial justice has certified to this Division more fully the facts in the case. ’ ’ The motion to amend with the trial judge’s memorandum denying- the motion is before us. It is not equivocal but is very definite in stating the trial judge’s reasons for denying the motion. The report when established “is that of the trial judge and he may make it conform to what he believes to be the truth in any way he desires, subject to the right of the Appellate Division to establish the draft report presented by the party aggrieved if that, rather than the report which the judge signs or is ready to sign, is true.” Santosuosso v. DellaRusso, 300 Mass. 247, 249, 250; Kelly v. Foley, 284 Mass. 503, 509; Keeney v. Ciborowski, 304 Mass. 371, 373, 374.
No useful result could be expected from referring the report back to the trial judge to make certain amendments which had already been urged upon him and denied. See Knudson v. General Motorcycle Sales Co., Inc., 230 Mass. 54, 56.
A comparison of the draft report, which the defendant seeks to establish, with the report as established discloses no essential difference affecting any question of law raised *30 by the rulings upon the defendant’s requests. The report as established characterizes the plaintiff’s evidence somewhat differently than the defendant’s draft report and the wording* is somewhat changed but the essential facts remain the same. The wording, which the defendant seeks to establish, might well have been, and doubtless was, urged by it upon the trial judge to effect the weight and effect of the plaintiff’s testimony.
If the draft, which the defendant seeks to have established, be accepted as the true report, instead of the report signed by the trial judge, no different question of law would be presented. The result would be the same. There is no occasion for the allowance of the petition to establish the report of the defendant. Cohen v. Berkowitz, 215 Mass. 68, 71.
The main contention which the defendant seems to raise in its argument upon the denial of the several requests by which it claims to be aggrieved, is that the evidence of the plaintiff relative to damages would not- as a matter of law support a finding for more than nominal damages.
We do not agree with this contention. An owner of property by reason of his familiarity with it may testify as to its fair and reasonable market value. Shattuck v. Stonehan Branch R. R., 6 Allen 115; Shea v. Hudson, 165 Mass. 43; Berry v. Ingalls, 199 Mass. 77, 79; Jackson v. Innis, 231 Mass. 558, 561; Myer v. Adams Express Co., 240 Mass. 94, 95; Menici v. Orton Crane & Shovel Co., 285 Mass. 499, 503, 504.
The testimony of the plaintiff was admitted without objection by the defendant. No motion was made by the defendant after cross-examination to strike out the plaintiff’s testimony. The testimony therefore stands and is to be given its natural probative force. Damon v. Carrol, 163 Mass. 404; Brown v. Tuckerman, 260 Mass. 584, 587; Du *31 bois v. Powderall, 271 Mass. 394, 397, 398; Mahoney v. Hailey Private Hospital, 279 Mass. 96, 100.
The trial judge could accept the testimony of the plaintiff as to his opinion of the fair market value of the automobile both at the time of the wrongful delivery to another person and at the time of its recovery. Because the value as given by the plaintiff at the time of the loss was the same as the plaintiff paid for the automobile three months before did not require the trial judge, as a matter of law, to disregard the testimony. Neither would the reply of the plaintiff on cross-examination that the interrogator might call his estimlate of the value a “guess” if he wished, require the trial judge to so regard it. This is not the kind of testimony that is necessarily binding upon a party. See McFaden v. Nordblom, 307 Mass. 574, 575.
It was for the trial judge upon all the evidence to decide whether the evidence was sufficient for him to determine the fair and reasonable market values at the time the automobile was wrongfully delivered and when it was recovered. Hall v. Burgess, 5 Gray 12; Keeley v. The Miller Drug Co., 1949 Advance Sheets 1015, 1016 & cases cited.
We do not feel that the evidence was so indefinite and evasive that the trial judge was required to rule that the amount of damages was so speculative that he could only find for nominal damages. Corsiglia v. French, 284 Mass. 211.
The defendant claims there was error in the denial of request number 5. This request is as follows: “If the plaintiff’s car was taken and damaged by an unauthorized person as a proximate result of the negligence of the defendant, and the car was later recovered or returned, the measure of recovery for damage to the car itself is the difference between the fair market value of the car at the time it was taken and its fair market value at the time it was returned.” The ruling was “Denied. Market value is not the universal test but see findings of fact. ’ ’
*32 It is true that the ordinary rule of damages in eases of conversion is as stated in the request,
Jackson v. Innes, 231 Mass. 558; Koski v. Haskins, 236 Mass. 346.
and it is also true that it is not the universal rule in cases where there is no market value, or where the property has a special value to the owner, or there are other special damages. Manhattan Clothing Co., Inc. v. Goldberg, 322 Mass. 472, 475, 476; Costa v. Goldenberg, 258 Mass. 264; Whitcomb v. Reed-Prentice Co., 262 Mass. 348, 359; Potier v. A. W. Perry, Inc., 286 Mass. 602, 606; Stickney v. Allen, 10 Gray 352; Green v. Boston & Lowell RR., 128 Mass. 221, 226; Mather v. American Express Co., 138 Mass. 55, 57; Beale v. Boston, 166 Mass. 53, 55.
Even though these special circumstances may not be present in the case at bar, the defendant has not been harmed by the ruling. The ruling refers to the court’s finding of facts and the finding is for the difference in fair market values as testified to by the plaintiff and which values, as previously stated, the court might well find. The trial judge in his finding of the amount of the damages has therefore adopted the ruling the defendant has requested.
It seems hardly necessary to consider in detail whether there was error in the denial of the other requests by which the defendant claims to be aggrieved. The defendant has waived its objection to the denial of request No. 6. Bequest No. 8 is predicated upon the statement “In the absence of any evidence as to the fair market value.” There was evidence of the fair market value. Bequest No. 9 is based upon the statement that there was no evidence of the fair market value of the car at the time it was returned. There was such evidence. Bequest No. 11 rests upon the statement that there was no “admissible” evidence upon
*33 which the amount of damages could be determined. The evidence was admissible, and whether admissible or not it was introduced without objection and could be considered for its probative value.
Request No. 12 was rightly denied on the ground “Assumed fact not so found” as it is based on the statement that “the only evidence of fair market value of the car on April 27, 1947, is the price the plaintiff paid.” There was other evidence. It was for the trial judge to determine whether the Federal tax and depreciation were elements to be considered in determining fair market value and his finding presumes that he has done so.
Request No. 18 was properly denied. The plaintiff’s damages were not restricted to loss of use of the car. Furthermore the plaintiff made no claim for damages for loss of use.
There was no prejudicial error in the rulings upon any of the requests. Petition to establish denied. Report dismissed.

 The trial court’s ruling and findings on each of the Defendant’s Requests for Rulings are printed in italics following the request.