*Municipal Court of the City of Boston*

No. 347930

## LOUIS SASLAVSKY

v.

## WILLIAM J. MALONE, ET AL

(January 18, 1955)

*Adlow, C. J.* Action of tort for damage to defendant's automobile. The sole issue concerns the court's rulings with respect to the evidence of damage offered by the plaintiff.

The plaintiff sought to prove the extent of the damage suffered by him in the accident by testifying to the value of the car before and after the accident. He stated that the car was worth $500 before and $300 after the accident. On cross-examination he stated that he based his opinion of value on the fact that at some time before the accident someone had offered him $500 for the car. He further testified that he did not know whether the person making the offer was serious or not. When asked why he determined the depreciated value to be $200 less, he stated that it cost him $200 to repair the car.

There was no error in the court's refusal to strike out this evidence of damage on the defendant's motion. The fact that at some time before the accident someone had offered the plaintiff $500 for the car indicates an ownership of the vehicle over a period of time sufficient to permit a familiarity with it. It is the possession and control of the machine, as well as a familiarity with its characteristics and an experience in its use, which when combined with legal

title qualifies one to give an opinion of its value. *Menici v. Orton Crane & Shovel Co.*, 285 Mass. 499, 505. (Leading Case)

When originally offered in evidence by the plaintiff the repair bill was excluded. It was later admitted in evidence during the cross-examination of the plaintiff. Having called upon the plaintiff to explain how he had formed his opinion as to the value of the car after the accident, the plaintiff stated that in forming his opinion he was guided by the fact that it had cost him $200.00 to repair the car. The amount of the repair bill would have a logical tendency to reveal the extent to which the value had suffered a diminution because of the accident. This evidence came in response to a question of the defendant and was responsive to the question. He cannot now complain of its presence in the record.

There is nothing to distinguish the facts from those providing the basis for the rule in *Shea v. Hudson*, 165 Mass. 43, 45.

*Report dismissed.*

Ruben H. Klainer, George B. Rubin, for the plaintiff.

Alexander E. Finger, for the defendant.