ROBERT H. WILLEY *vs.* ORRIN G. CAFRELLA.

Middlesex.    December 5, 1957. — January 8, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Evidence,* Of value, Opinion, Preliminary question. *Practice, Civil,* Preliminary question.

Whether or not an owner of property is qualified to express his opinion as to its market value is a preliminary question for the trial judge. [624]

A purchaser and owner of an automobile who operated it and knew its condition and capabilities for several months before it was damaged in an accident, and, although he never saw it thereafter, was shown pictures fairly representing it in its damaged condition, was informed what happened to it, and was "helped" to form an opinion of its value by what he was "told," might properly be found qualified to give his opinion as to its market value before and after the accident. [624–625]

TORT. Writ in the Superior Court dated April 10, 1953.

The action was heard by an auditor and was subsequently tried before *Casey,* J., a Municipal Court judge sitting under statutory authority.

*Reuben H. Nitkin,* for the defendant, submitted a brief.

No argument nor brief for the plaintiff.

RONAN, J.   These are exceptions taken by the defendant in an action of tort brought by the plaintiff to recover for damage to his automobile resulting from a collision at two intersecting streets.

There was no error in permitting the plaintiff to give his opinion as to the market value before and after the accident.

He had purchased the automobile for $866 and had operated it for nine months. He knew its condition and capabilities. He gave its fair market value as $800 before the accident and after the accident as $100. He never saw the automobile after the accident but he was shown good sized pictures of the damaged automobile while he was in the hospital. Those pictures are before us as exhibits. They appear to be clear and show extensive damage to the front of the vehicle. There was evidence that they fairly represented the damaged automobile. The plaintiff also learned from others what happened to his automobile and "What a couple of people told him helped his opinion."

The defendant requested the auditor to strike out all this evidence of the plaintiff on the issue of damages. He excepted to the refusal of the judge to strike out this part of the auditor's report and also to the denial of his request for a ruling that the jury disregard the auditor's report in fixing the value of the plaintiff's automobile after the accident as $100.

The market value of land or chattels may usually be given by their owners not because they are the owners but because, due to their ownership and possession, they have acquired such familiarity with the subject as to enable them to give an intelligent estimate of their value. Whether they are so qualified is a preliminary question for the decision of the trial judge. *Shea* v. *Hudson,* 165 Mass. 43. *Munro* v. *Stowe,* 175 Mass. 169. *Jackson* v. *Innes,* 231 Mass. 558. *Meyer* v. *Adams Express Co.* 240 Mass. 94. *Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207. If the evidence lacks this necessary foundation, it must be excluded. *Downey* v. *Union Trust Co.* 312 Mass. 405. *Rubin* v. *Arlington,* 327 Mass. 382. *Winthrop Products Corp.* v. *Elroth Co. Inc.* 331 Mass. 83. The owner must act reasonably and fairly in giving an estimate of the diminution in the market value of his automobile. He could consult others in an effort in good faith to arrive at a just result. He could heed such opinions as commend themselves to him. The

plaintiff had driven the automobile for several months. The general extent of its damage was fairly shown by the photographs. For instance, he could decide from various estimates whether it was best to repair or to sell the damaged vehicle. He would have to depend on others in deciding what to do. It does not appear from the record what course he pursued or if he sold it what price he obtained. We do not think the plaintiff was disqualified from expressing an opinion on market value due to the accident. So far as appears his estimate of the value of the damaged automobile was not enhanced from the information he received. The case differs from *Maher* v. *Commonwealth*, 291 Mass. 343, and *Downey* v. *Union Trust Co.* 312 Mass. 405, 416–417. In the former case an opinion of a landowner not versed in the market value of his land was raised a substantial amount ($50,000) as a result of conferring with experts. In the latter case, the opinion of the plaintiff as to the value of her services was based solely on hearsay expressions of her mother. Nothing like that appears in the present case.

*Exceptions overruled.*