*Northern District*

No. 5256

**CARLO F. NAZZARO**

v.

**JOHN J. O'CONNELL, et al**

(March 24, 1961)

*Present:* Northrup, J. (Presiding), Kelleher, J.

Case tried to *Loschi, J.,* in the East Boston District Court. No. 8980 of 1956.

*Kelleher, J.* This is an action of tort in which the plaintiff seeks to recover for property damage to his motor vehicle, allegedly caused by the negligence of the defendants on or about October 7, 1955. The material part of the defendants' answer is a general denial and an allegation of contributory negligence.

*At the trial,* on direct examination, the plaintiff testified that in his opinion the value of the motor vehicle immediately prior to the

accident was $500. and that in his opinion the value immediately after the accident and before repairs was $200.

*There was evidence tending to show that* the plaintiff was the operator of the motor vehicle at the time of the accident; that he owned the vehicle for some time; that he based his opinion on the value before the accident on ads he had seen in the newspapers and on the value after the accident and before repairs, on an estimate he received from a garage.

The defendants moved to strike all of the plaintiff's testimony concerning value before and after the accident on the ground it was based on hearsay. The Court refused to allow the motion. The defendant being aggrieved, duly claimed a report and requested said ruling be reported.

Also, the plaintiff was asked by his attorney how far he had the motor vehicle of the defendants under observation before the accident, using the wall of the court room as a ruler. The plaintiff testified that it was about 12 yards longer than that. The plaintiff was then asked how fast, in his opinion, the defendants were travelling. The defendants objected to the plaintiff being allowed to answer the question on the ground that it had not been established that he had been qualified to answer.

The defendants' objection was overruled and the plaintiff was allowed to answer.

The defendants being aggrieved thereby

duly claimed a report and requested said ruling be reported.

The Court found that the defendants were liable and a finding was entered against them in the amount of $150.00.

The defendants claim to be aggrieved by the Court's finding of $150.00 damages for the plaintiff.

██ There was no error in permitting the plaintiff (owner) to give his opinion as to the fair market value of his motor vehicle before and after the accident, nor was there any error in permitting the plaintiff to testify as to the speed of the other motor vehicle.

The plaintiff was the operator of the motor vehicle at the time of the accident, he owned said motor vehicle for some time. The plaintiff also learned from ads in the newspaper as to the value of his motor vehicle before the accident and from a repairman as to the value after the accident. The plaintiff's opinion was based on his familiarity as an owner as well as information from others.

Generally, the owner of property, real or personal, may testify as to its value. This rule is not based upon his holding the legal title, but because of one's ownership and possession, he is so familiar with the subject matter as to be able to give an intelligent estimate of the value. He is presumed to know reasonably well what his property is worth. *Shea v. Hudson,* 165 Mass. 43; *Munro v. Stowe,* 175 Mass. 169; *Jackson v. Innes,* 231 Mass. 558; *Meyer v. Adams Express Co.,* 240 Mass. 94;

*Menici v. Orton Crane & Shovel Co.,* 285 Mass. 499.

The owner must act fairly and reasonably in giving his opinion. He could consult other sources in an effort to arrive at his opinion. *Willey v. Cafrella,* 336 Mass. 623.

The qualification of a witness to testify as to the fair market value before the accident and the fair market value after the accident, and before repairs is a preliminary question of fact and rests largely on sound judicial discretion and such a decision will not be overturned unless the trial judge was plainly wrong. *Menici v. Orton Crane & Shovel Co.,* 285 Mass. 499.

██ A witness may express an opinion as to the speed of a motor vehicle in miles per hour based upon adequate personal observation. In our opinion, the plaintiff's observation before the accident, using the wall of the court room as a ruler, that it was twelve yards longer than that, was sufficient observation upon which to base an opinion as to speed. *Copithorn v. B & M RR.,* 309 Mass. 363.

It follows, therefore, that the evidence was rightly admitted.

There being no error in the trial court's rulings or findings the report is ordered dismissed.

Max S. Ficksman of Boston, for the Plaintiffs.

Wm. J. Carr, Roderick Connolly, Jr. of Boston, for the Defendants.