*Northern District*

No. 6051

**IRVING L. LONDON**

v.

**NATHAN L. FLEISCHER**

*Present*: Brooks, P. J., Parker & Yesley, JJ.

Case tried to *Whitney, J.* in the District Court of Central Middlesex (Concord). No. 21,749.

*Brooks, P. J.* This is an action of tort in which plaintiff sues to recover for damage to his automobile involved in a six car accident in Boston, Massachusetts at or about 4:30 P.M. on or about September 6, 1963.

Defendant's answer recited general denial, contributory negligence and other defenses usually set forth, complete recital of which is not here necessary.

The trial judge found that the collision was caused by the negligence of defendant Fleischer, but that no admissible evidence had been introduced of damage.

The only witness to testify to damage was

plaintiff's son, Wayne London, who had been with his father when the car was purchased in January, 1963 and had had the car in his possession ever since up to November, 1964.

Admitted *de bene* over the objection of defendant's counsel was the testimony of Wayne London that in his opinion the car had a fair market value of $2,000.00 immediately before the accident and a value of $1,461.54 after the accident.

Also offered during the testimony of Wayne London were two repair bills for $455.95 and $82.51 respectively. The court excluded these bills and plaintiff requested a report on the exclusion and made an offer of proof as to that amount. There was also evidence that the bills had been paid.

There was no evidence that Wayne London knew anything about the value of automobiles in an undamaged or damaged condition or that he had any familiarity with the market value of automobiles or with the cost of repairing automobiles. There was no evidence that he knew what his father paid for the automobile in the first place.

At the conclusion of the trial on November 13, 1964 defendant moved to strike the testimony admitted *de bene*. The judge took the case and the motion under advisement until December 4 when he found for defendant and granted the motion to strike on the grounds that Wayne London was neither the owner nor a qualified expert on such matters.

The court made a written finding reciting

the facts of the collision and finding that the cause of the collision was defendant's negligence, but that

"No admissible evidence of damage to the London car as a result of the collision between the Fleischer car and the London car was introduced at the trial."

The report recited that plaintiff London was aggrieved by the foregoing finding.

The issue is whether the trial court erred in holding that there was no admissible evidence of damage also whether as a procedural matter plaintiff has complied with Rule ‡27 of the Rules of the District Courts so as to be in a position successfully to attack any error the court may have made in excluding evidence. The evidence excluded consisted of two repair bills and the opinion as to the value of the automobile before and after the accident,—both being offered by Wayne London.

█ Considering the procedural angle first, it would appear from the record that plaintiff's appeal does not lie in view of his failure to comply with Rule ‡27. This Rule provides in part as follows:

"When the objection is to the admission or exclusion of evidence, the claim for a report shall also be made at the time of the ruling, and shall be reduced to writing in a summary manner and filed with the Clerk within five days after the hearing of all evidence."

The report recites that the repair bills were excluded and the plaintiff requested a report

on the exclusion. Treating this as a claim for a report, there is no evidence that plaintiff reduced the request to writing or filed the same with the Clerk of Court within five days after the hearing.

With reference to the opinion as to value, this was first admitted *de bene* then excluded when the judge made his finding on December 4. That being the first notice plaintiff had of the exclusion, the five days would run from that date. If Sunday is excluded plaintiff would have until December 10 to reduce the claim for report to writing and file it in court. According to the docket the "Request for Report" was not filed until December 11, one day late. Nor does it appear that this motion had any reference to the exclusion of plaintiff's testimony as to value.

In short, both in the matter of the repair bills and opinion as to value, plaintiff appears precluded from raising the issue of judicial error.

■ However, leaving aside the procedural issues, plaintiff is no better off. In the matter of the repair bills, there was no evidence who made the repairs. Presumably they were made by some auto mechanic whose testimony on the subject would have been admissible. The bills would also have been admissible on the testimony of any one competent in the field of repairs who might have had knowledge thereof, such as a foreman or service manager. There is no evidence that Wayne London was in any one of these

categories. That being the case the bills were pure hearsay and as such inadmissible.

As to the opinion of before and after value, Wayne London had no apparent qualifications as a witness. There was no evidence of his age or occupation. He was not the owner of the car nor did he qualify as an expert. All that appears is that the car was in his possession from January, 1963 to November, 1964 and that he was the operator at the time of the accident in September, 1963 when he was bailee of the vehicle from the owner his father. While he was with his father at the time of purchase there is no evidence that he was aware then or at any time of the purchase price.

The admission of evidence as to value of property is carefully stated in *Benici v. Orton Crane and Shovel Company,* 285 Mass. 499, 503, 504. It is often thought that ownership gives the right to testify as to value of real or personal property. However as the court says in the above case:

> "The mere holding of the title to property by one who knows nothing about it and perhaps has never even seen it, does not rationally and logically give him any qualification to express an opinion as to its value. Ordinarily an owner of property is actually familiar with its characteristics, has some acquaintance with its uses actual and potential and had had experience in dealing with it. It is this familiarity, knowledge and experience in the holding of the title which qualifies him to testify as to its value."

■ Again the court said: .

"Persons not owners but sufficiently familiar with the property in controversy to express an opinion of its value have been allowed to do so though not regarded as experts. (*Shea v. Hudson,* 165 Mass. 43, 44, 45.) Undoubtedly caution should be exercised by a trial judge in the admission of opinion. Testimony from such witnesses and its admission rests largely upon his sound judicial discretion."

■ See also *Winthrop Products Corp. v. Elroth Co., Inc.,* 331 Mass. 83. In that case the court said:

"When the question relates to similar testimony (of value) by an officer of the corporation, the mere holding of office . . . . . is not enough but the officer must have knowledge which in fact qualifies him."

That case likewise states:

"Whether such a witness is qualified is a preliminary question of fact to be decided by the trial judge."

See also *Rubin v. Arlington,* 327 Mass. 382, 384.

In the case of *Willey v. Cafrella,* 336 Mass. 623, 624 the court said:

"The market value of land or chattels may usually be given by their owners not because they are their owners but because, due to their ownership and position, they have acquired such familiarity with the subject as to enable them to give an intelligent estimate of their value. Whether they are so qualified is a preliminary question for the decision of the trial judge. (cases cited) If the

evidence lacks this necessary foundation it must be excluded."

In the case before us the trial judge evidently concluded that Wayne London lacked this necessary foundation. We do not consider his conclusion an abuse of discretion.

*Report dismissed.*

Weld S. Henshaw for the Plaintiff.

Morrison, Mahoney & Miller for the Defendant.