# RESCRIPT OPINIONS.

Pursuant to the requirements of G. L. c. 211, § 9, the Reporter publishes the following:

WARREN V. NICKERSON & another *vs.* LILLIAN F. DOWD & another. December 29, 1965. The defendant Dowd appealed from a final decree ordering her and the other defendant, Maurice M. Goldman, her attorney, to refund to the plaintiffs the "total sum of $4,000." This sum was given by the plaintiffs to the attorney under the terms of an agreement for the purchase of a parcel of real estate. The trial judge found that the $4,000 had been retained by the attorney who admitted that he had "applied it on account of the amount . . . Dowd owed him for legal services." Dowd contends that Goldman should be ordered to refund the deposit and "in the event that . . . Goldman does not have the funds on hand and has no other funds to refund said amount, then . . . Dowd shall refund said deposit." We see no reason why the plaintiffs should be drawn into a dispute between Dowd and her attorney. There was no error.

*Decree affirmed.*

*Philip M. Cronin* for the defendant Dowd.
*Arthur M. Gilman,* for the plaintiffs, submitted a brief.
*Maurice M. Goldman,* pro se, submitted a brief.

LOUIS A. GAZIANIS & others *vs.* TOWN OF CLINTON. December 29, 1965. During the trial of a petition for the assessment of damages under G. L. c. 79, resulting in a verdict for the owners of $20,000 for land and building (a twenty-four room tenement), the judge, subject to the petitioners' exception, struck the opinion of a part owner (the witness) that the property taken was worth $65,000. This opinion was based on an estimated value of $2 a square foot for the 18,000 square feet of land, and a valuation of $1,200 a room. The judge's interrogation of the witness elicited that the estimate of $1,200 rested solely on a rule of thumb derived from a single experience of the witness as the prospective buyer of other property when the prospective seller told him that he valued his tenement at $1,200 a room. There was no error in striking the opinion of the total value which was partly based on such a palpably erroneous standard of evaluation. Although the record shows that the witness had sufficient familiarity with the whole property to give an opinion of its value in his capacity as part owner (*Menici* v. *Orton Crane & Shovel Co.* 285 Mass. 499, 503), no effort was made to get his opinion before the jury on that basis or any other competent basis.

*Exceptions overruled.*

*Peter J. O'Malley* for the petitioners.
No argument or brief for the respondent.